IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
William J. SCHMITZ, Attorney at Law.

Supreme Court

*No. 93–3209–D. Submitted on briefs May 26, 1995.—Decided
June 7, 1995.*

(Also reported in 532 N.W.2d 716.)

For William M. Schmitz there was a brief by *William M. Schmitz,* Monroe.

For the Board of Attorneys Professional Responsibility there was a brief by *John B. McCarthy,* Madison.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

William J. Schmitz appealed from the referee's findings and conclusions that he engaged in professional misconduct and from the referee's recommendation that his license to practice law in Wisconsin be suspended for 60 days as discipline for it. The misconduct consisted of Attorney Schmitz's failure to provide competent representation and pursue client matters with the requisite diligence and promptness, his failure to put client funds into a trust account and maintain required records of that account and his false certification of his client trust account activity to the State Bar.

We adopt the referee's findings of fact, as they have not been shown to be clearly erroneous, and the conclusions of law based on those facts concerning Attorney Schmitz's violations of the rules governing attorney professional conduct. His failure to provide diligent, competent and prompt representation in client matters, his failure to properly safeguard client funds and promptly turn them over to the client entitled to them and his disregard of the court's rules requiring attorneys to maintain specific records of client funds in their possession are sufficiently serious to warrant the recommended license suspension. In addition to his numerous violations of the rules of attorney conduct, the referee stated and it appears from the record that Attorney Schmitz does not accept any responsibility for his misconduct but seeks to explain it away, in part blaming it on his clients. We share the referee's belief that, in order to protect the public from harm, a license suspension is necessary to impress

upon Attorney Schmitz the need to conform his conduct to the rules of professional conduct.

Attorney Schmitz, who was admitted to practice law in Wisconsin in 1958 and practices in Monroe, has not previously been the subject of an attorney disciplinary proceeding. The referee, Attorney Cheryl Rosen Weston, made factual findings based on evidence presented at a disciplinary hearing concerning three matters.

In the first matter, Attorney Schmitz was retained by a client in August, 1990 to file a bankruptcy proceeding, for which he was given a $500 retainer toward his fee in the matter. Attorney Schmitz had represented the client previously in several traffic matters, for which there remained a $225 balance in attorney fees. The client and his fiancee told Attorney Schmitz that they wanted the bankruptcy petition filed prior to their marriage, which was set for April 27, 1991.

Beginning in January, 1991, the client had his fiancee make a number of calls to Attorney Schmitz to learn the status of the bankruptcy and repeatedly reiterated to him their desire that the bankruptcy be handled by the time they were married. In March, 1991, the client met with Attorney Schmitz, paid him an additional $100 toward his fee and told him that he believed the debt information he had given to him was complete. When Attorney Schmitz did not file the bankruptcy petition timely, the client filed a grievance with the Board of Attorneys Professional Responsibility (Board) in August, 1991.

Attorney Schmitz did not file the bankruptcy petition until September 30, 1991, claiming that he delayed the filing because he was awaiting information from the client concerning additional debts. Contrary to that contention, the client testified that until three

days after he had filed the grievance with the Board, he believed he had given Attorney Schmitz complete debt information. Only after that grievance was filed did the client receive notice of three additional debts, in the amount of approximately $850, and they were added to the bankruptcy schedules. Subsequently, the client learned that a bank that had previously charged off a loan was pursuing the debt and when the client forwarded that information to Attorney Schmitz, he revised the bankruptcy schedules already filed.

The referee concluded that Attorney Schmitz's failure to file the client's bankruptcy petition for more than one year after accepting a retainer and despite the client's repeated requests that the proceeding be initiated promptly constituted a failure to handle client matters with reasonable diligence and promptness, in violation of SCR 20:1.3.[1]

The second matter concerned Attorney Schmitz's representation of clients who retained him in November, 1987 to represent them in a property line dispute, for which they paid him $500 as an advance fee. Attorney Schmitz commenced an action in circuit court and when the court granted summary judgment to the defendants on one of his clients' claims, it held there was a material fact issue regarding the boundary line and, after setting the matter for trial August 30, 1989, ordered Attorney Schmitz and his clients to have a survey of the clients' property done to establish the boundary line for purposes of the pending action. Noting that the surveys previously provided were insufficient, the court directed the survey to be com-

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

pleted and a copy furnished to opposing counsel by a specified date prior to trial.

One of the clients contacted Attorney Schmitz repeatedly concerning the court-ordered survey and he assured her the matter was being taken care of. In late August, 1989, the client had occasion to talk with the surveyor, who told her that Attorney Schmitz had not contacted him. When the client again spoke to Attorney Schmitz and told him what the surveyor had said, he assured her that the survey was being done.

At trial, Attorney Schmitz called several witnesses in an effort to establish the boundary line of the properties and called the surveyor, who had submitted one of the surveys the court had found insufficient. The surveyor was unable to establish the proper boundary line. At the disciplinary hearing, the surveyor testified that he had not had any contact from Attorney Schmitz regarding the matter of the survey other than a message that he meet with him on the morning of trial to review the matter. At that meeting, he testified, Attorney Schmitz did not mention preparation of a survey as ordered by the court and did not ask him to project a fence line that arguably would constitute the boundary claimed by the clients.

At the conclusion of the trial, the court dismissed the clients' claims and the opposing party filed a motion contending that the action against them was frivolous. The referee made no finding in respect to the outcome of that motion but Attorney Schmitz testified at the hearing that his malpractice insurer made a $2500 payment to his clients, which he claimed was "nuisance value."

Following the court's adverse decision, the clients gave Attorney Schmitz $500 in September, 1989 for the preparation of a transcript for purposes of appeal.

Attorney Schmitz did not order a transcript, but he cashed the clients' check and kept the proceeds in a sealed envelope in the client's file in his office. Thereafter, in January, 1990, he sent those funds to the successor attorney his clients retained to pursue an appeal.

The referee concluded that Attorney Schmitz failed to provide competent representation to the clients in this matter, in violation of SCR 20:1.1.[2] In addition to failing to have the survey done as directed by the court, Attorney Schmitz failed to adequately prepare the surveyor to testify on his clients' behalf.

The third matter considered in this proceeding is Attorney Schmitz's handling of payments he received from a debtor whose debt he was retained by a bank in the fall of 1990 to collect. He received a $1500 check from the debtor in January, 1991, cashed it and placed the proceeds in an envelope in his desk drawer at his office. He placed cash payments subsequently received from the debtor, totaling $1000, in that envelope. In August, 1992, he delivered $2500 in cash to his client.

The referee concluded that Attorney Schmitz's failure to deposit funds received on behalf of his client into a trust account violated SCR 20:1.15(a) and his failure to notify his client of the receipt of those funds and deliver them to the client for over one year violated SCR 20:1.15(b).[3] The referee rejected Attorney

---

[2] SCR 20:1.1 provides:

**Competence**

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[3] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property.**

Schmitz's testimony that the bank officer knew of and approved his retention of the funds he was receiving from time to time, accepting the bank officer's testimony to the contrary.

In addition to his misconduct in those three matters, the referee considered Attorney Schmitz's use of trust account for handling client funds. During its investigation, the Board learned that Attorney Schmitz closed one client trust account on April 30, 1990, the date on which his former law partner left the two-person firm, and did not open a new trust account for the stated reason that he had received no third-party funds to deposit in it and did not have funds to be held for clients. Yet, Attorney Schmitz certified on his annual dues statements to the State Bar for 1990, 1991 and 1992 that he maintained a client trust account and had complied with the court's trust account record-keeping requirements. The records of the bank identified in those certifications disclosed that Attorney

(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account. . . .

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

Schmitz used that account, denominated a trust account, to deposit funds belonging to clients but, commencing in November, 1991, used it as a personal account, from which he made consumer purchases. That account ultimately was closed in July, 1992.

The referee concluded that Attorney Schmitz's keeping cash received from or belonging to clients in his office for extended periods and his handling of his trust account violated SCR 20:1.15(a) and (e). In addition, his certifications regarding his maintenance of required trust account records violated SCR 20:1.15(e) and (g).[4] The record discloses that when asked by the Board to provide records of his trust account, Attorney Schmitz submitted only a few check stubs, cancelled checks and some bank statements and deposit slips; he did not produce a cash receipts journal, a disbursements journal, individual client ledger sheets or monthly schedules of subsidiary ledgers, all of which are records specified in the court's rule governing attorney trust accounts.

In his appeal, Attorney Schmitz presented arguments rejected by the referee attempting to explain his

---

[4] SCR 20:1.15 provides, in pertinent part.

**Safekeeping property.**

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation.

. . .

. . .

(g) A member of the State Bar of Wisconsin shall file with the State Bar annually, with payment of the member's State Bar dues or upon such other date as approved by the Supreme Court, a certificate stating whether the member is engaged in the private practice of law in Wisconsin and, if so, the name of each bank, trust company, credit union or savings and loan association in which the member maintains a trust account, safe deposit box, or both, as required by this section. . . .

conduct. For example, the referee rejected his testimony that he had spoken with the surveyor and specifically asked him to extend the fence line to establish the boundary of his clients' property and that he had informed the bank officer in the debt collection matter of his receipt of the $1500 in January, 1991 and was told not to turn over any of those funds to the bank until the agreed-upon amount of the debt had been collected in full.

Attorney Schmitz also contended that he acted appropriately in delaying the filing of his client's bankruptcy petition because, had he acted within the time specified by the client, the petition would not have included all of the client's debts and, therefore, he saved the client from potential liability for filing a false petition. That argument ignores the facts that the client testified that he had told Attorney Schmitz in March, 1991 that all of the debt information he had provided him was complete and that the client did not become aware of the additional debts until several months after the time he told Attorney Schmitz to have the bankruptcy petition filed.

In respect to his handling of client funds, Attorney Schmitz argued that he was justified in holding those funds in cash, rather than in a trust account, for the reason that he feared the Internal Revenue Service, with whom he was involved in connection with his personal taxes, might attach them in a trust account. He further contended that his handling of client funds did not constitute misconduct because there never was a problem determining the persons to whom the money in his trust accounts or retained in his office belonged. There is no merit to any of those contentions.

The several instances of his misconduct, the potential for harm it presented and his apparent

287

unwillingness or inability to appreciate the seriousness of it warrant the suspension of Attorney Schmitz's license to practice law. We determine that the recommended 60-day license suspension is appropriate discipline to impose for that misconduct.

IT IS ORDERED that the license of William J. Schmitz to practice law in Wisconsin is suspended for a period of 60 days, commencing July 12, 1995.

IT IS FURTHER ORDERED that within 60 days of the date of this order William J. Schmitz pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of William J. Schmitz to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that William J. Schmitz comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.