2013 ND 18

**In the Matter of the Reciprocal Discipline of Craig V. KITCHEN a Person Admitted to the Bar of the State of North Dakota.**

No. 20130018.

Supreme Court of North Dakota.

Feb. 12, 2013.

RECIPROCAL SUSPENSION WITH
CONDITIONS ORDERED

PER CURIAM.

[¶1] On January 17, 2013, the Disciplinary Board notified the Supreme Court under N.D.R. Lawyer Discipl. 4.4(D) that it was recommending the reciprocal discipline of Craig V. Kitchen, a person admitted to the bar of the State of North Dakota. According to the records maintained by the State Board of Law Examiners, Kitchen has never been licensed in this state.

[¶2] The Record reflects that the Wisconsin Supreme Court filed its Order on June 29, 2004, suspending Kitchen with conditions of reinstatement for engaging in misconduct in his representation of clients in a bankruptcy matter for failing to timely respond to his clients' request for information concerning the status of the bankruptcy and for a bill; charging unreasonable fees when Kitchen's bill included an hour of time to retrieve the file from storage and six hours of time to prepare the bill itself; failing to maintain the requisite degree of documentation to permit identification of trust account transactions and the periodic balances on hand for each client; failing to submit the requisite records to the Wisconsin Office of Lawyer Regulation to assist in its investigation; and misleading the Wisconsin Office of Lawyer Regulation by suggesting on several occasions that he was sending the necessary documentation but later conceding that he did not have it.

[¶3] The conditions ordered by Wisconsin included payment of the costs of the Wisconsin disciplinary proceeding, and furnishing trust account records, including month bank statements, cancelled checks, deposit slips, checks, if necessary, and any journals or ledgers, for specific periods of time, or provide a sworn statement why he cannot furnish them.

[¶4] The Record further reflects November 14, 2012, Assistant Disciplinary Counsel advised the Clerk of the Supreme Court that efforts to locate Kitchen had been exhausted and the required service of Kitchen under N.D.R. Lawyer Discipl. 4.4(B) was being effectuated on the Clerk as Kitchen's agent for service of process under Rule 1(A)(3), Admission to Practice Rules. Thereafter, on November 15, 2012, the Clerk of the Supreme Court was served the required Notice and a certified copy of the order of discipline entered by the Supreme Court of Wisconsin. The Notice informed Kitchen he had 30 days to file any claim that imposition of the identical discipline in North Dakota would be unwarranted and the reasons for the claim.

[¶5] At the request of the Court, the Clerk of the Supreme Court attempted service on Kitchen with the Notice at the last address Kitchen provided to the State Board of Law Examiners. The mailing was returned to the Clerk with a note indicating Kitchen had not been at that address for 20 years and they had no forwarding address.

[¶6] The Court considered the matter, and

[¶7] ORDERED, that the reciprocal discipline of suspension with conditions against Craig V. Kitchen based on the Order of the Wisconsin Supreme Court is warranted. Because Kitchen is admitted, but not licensed in this state, he is not eligible to apply for licensure for at least 60 days from entry of judgment in this matter, and he must show proof of compliance with the conditions of reinstatement ordered by the Wisconsin Supreme Court, 2004 WI 83, 273 Wis.2d 279, 682 N.W.2d 780, dated June 29, 2004.

[¶8] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, MARY

MUEHLEN MARING, CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.