1999 ND 10

Bonita M. SCHUMACHER, n/k/a Bonita Wikenheiser, Plaintiff and Appellant

v.

John William SCHUMACHER, Defendant and Appellee.

Civil No. 980258.

Supreme Court of North Dakota.

Jan. 27, 1999.

Sheila K. Keller, Special Assistant State's Attorney with the Regional Child Support Enforcement Unit, Bismarck, for plaintiff and appellant.

Charles L. Chapman, Chapman and Chapman, Bismarck, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] The Bismarck Regional Child Support Enforcement Unit [RCSEU] appealed from an amended judgment, dated June 11, 1998, reducing the obligor's child support obligations. We affirm in part, reverse in part and remand for further proceedings.

[¶ 2] Bonita Wikenheiser and John Schumacher divorced in 1993. Four children were born of the marriage, all of whom are minors living with Wikenheiser at the time of this action. In a judgment dated March 18, 1993, John was granted visitation, including three months during the summer, and ordered to pay child support in the amount of $800 per month effective February 1993, $900 per month during 1994, $1,000 per month during 1995, $1,100 per month during 1996, and $1,200 per month as of January 1, 1997. An amended judgment dated August 31, 1993 entered on stipulation of the parties required Schumacher to continue paying child support in the same amount provided in the original judgment, but did not require Schumacher to make child support payments during June, July and August when he exercised summer visitation. Schumacher was also required to provide medical and dental insurance for the children. Any medical, dental, optometric or other medically-related expenses not covered by insurance were to be divided evenly between Schumacher and Wikenheiser.

[¶ 3] RCSEU performed a review of Schumacher's child support obligation under chapter 14-09, N.D.C.C. Following a review of Schumacher's financial information, RCSEU filed a motion to decrease Schumacher's child support obligation to no less than $766 per month for four children and $690 per month for three children and require Schumacher to pay child support during the summer visitation. After a hearing on the motion, the judicial referee recommended a reduction in child support to $691 per month for the four children, and $622 per month once there was no longer a duty to support the eldest child. The referee's figures were based on Schumacher's net income, which was computed by reducing his gross income of $2,035 per month by $200, the amount Schumacher stated he paid on average each month for the children's medical expenses. The referee also concluded Schumacher should not be required to make child support payments during the three months of visitation in the summer. The district court affirmed the referee's decision. Amended judgment was entered, and RCSEU appealed.

[¶ 4] District court review of a referee's findings of fact is under the clearly erroneous standard. *Steffes v. Steffes*, 1997 ND 49, ¶ 8, 560 N.W.2d 888. A finding of fact is clearly erroneous if this court finds, after a review of the entire record, it was induced by an erroneous view of the law, or if this court is left with a definite and firm conviction a mistake has been made. *Hieb v. Hieb*, 1997 ND 171, ¶ 6, 568 N.W.2d 598.

[¶ 5] N.D. Admin. Code ch. 75-02 governs child support determinations. As we have explained, a correct finding of the obligor's net income is essential to determining the proper amount of child support. *Shaver v. Kopp*, 545 N.W.2d 170, 174-75 (N.D.1996). To determine net income, the annual total of all income must be calculated and divided by twelve to determine the monthly gross income. *Id.* Next, the applicable deductions contained in N.D. Admin. Code § 75-02-04.1-01(7) must be subtracted from the gross income to arrive at the obligor's net income. *Id.*

[¶ 6] The first issue on appeal is whether it was clearly erroneous to allow Schumacher a deduction for medical expenses allegedly incurred by the parties' children. Section 75-02-04.1-01(7)(e), N.D. Admin. Code, authorizes a deduction from the total gross monthly income for "[p]ayments made on actual medical expenses of the child or children for whom support is being sought." RCSEU contends Schumacher was not entitled to this deduction because he showed no documentation he made the medical payments. During the hearing, Schumacher testified he had been paying the children's medical bills. Although Schumacher did not know exactly how much he had paid

each month, he stated he paid on average $200 each month. No contrary evidence was presented at the hearing. On this testimony and after our review of the entire record, we conclude the deduction for medical expenses was not clearly erroneous.

[¶ 7] The next issue raised on appeal is whether it was clearly erroneous to allow for an abatement of Schumacher's child support obligation during the three-month summer visitation. Schumacher maintains abatement was proper under the rebuttal provision contained in N.D. Admin. Code § 75–02–04.1–09(2)(j). We disagree.

[¶ 8] The child support guidelines expressly prohibit the abatement of support obligations during temporary periods in which the child resides with the non-custodial parent. N.D. Admin. Code § 75–02–04.1–02(2) provides:

> 75–02–04.1–02. Determination of support amount—General instructions.
>
> . . . .
>
> 2. Calculations assume that the care given to the child during temporary periods when the child resides with the obligor or the obligor's relatives do not substitute for the child support obligation.

We have interpreted this provision to include temporary summer visits with the obligor. *See, e.g., Edwards v. Edwards*, 1997 ND 94, ¶ 15, 563 N.W.2d 394.

[¶ 9] N.D. Admin. Code § 75–02–04.1–09(2) lists a number of specific circumstances under which the presumptively correct amount of child support can be rebutted. Specifically, under subdivision (j), the presumptive guideline amount is rebutted if:

> [A] preponderance of the evidence establishes that a deviation from the guidelines is in the best interest of the supported [child] and:
>
> . . . .
>
> j. The reduced ability of the obligor to pay child support due to a situation, over which the obligor has little or no control, which requires the obligor to incur a continued or fixed expense for other than subsistence needs, work expenses, or daily living expenses, and which is not otherwise described in this subsection . . . .

[¶ 10] During the hearing, the referee recognized the guidelines do not allow for the abatement of child support obligations, but stated, "I invoke the hardship provision of the guidelines. and indicate that there should be no child support accruing for those three months." However, the referee never indicated whether he was invoking the rebuttal provision contained in N.D. Admin. Code § 75–02–04.1–09(2)(j). After reviewing the record, we conclude ,that even if the referee were invoking this provision, there are no specific findings or showings by the referee concerning it. We have emphasized any "[d]eviation from the guidelines requires the court to make a written finding or a specific finding on the record." *See Interest of L.D.C.*, 1997 ND 104, ¶ 8, 564 N.W.2d 298 (quoting *Beals v. Beals,* 517 N.W.2d 413, 417 (N.D.1994)). For the foregoing reasons, we conclude the abatement of Schumacher's child support obligation was clearly erroneous.

[57 11] We affirm the portion of the judgment allowing for the deduction of medical expenses, reverse the part of· the judgment abating the child support obligation during the months of summer visitation and remand for further proceedings in accordance with this opinion.

[¶ 12] SANDSTROM, NEUMANN, MARING and KAPSNER, JJ., concur.