2000 ND 10

**Candice M. HENRY, Plaintiff, Appellee and Cross-Appellant,**

v.

**Paul E. HENRY, Defendant, Appellant and Cross-Appellee.**

**No. 990146.**

Supreme Court of North Dakota.

Jan. 19, 2000.

Candice M. Larson (formerly known as Candice M. Henry) (submitted on brief), Stephen, MN, pro se.

Ward K. Johnson, III, Grand Forks, ND, for defendant, appellant and cross-appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Paul E. Henry appealed an amended judgment entered in a divorce action filed by Candice M. Henry. We conclude the trial court erred in computing the income imputable to Paul for calculating his child support obligation, and we reverse and remand for further proceedings.

[¶ 2] Paul and Candice married in 1995 and had one child, Mitchell Jay Henry. Paul was a navigator in the United States Air Force, earning about $55,000 per year. Candice sued for divorce on May 29, 1996, and Paul separated from the Air Force two days later. Paul became a fulltime law student in 1997.

[¶ 3] The trial court granted the parties a divorce and placed custody of Mitchell with Candice. The court found Paul had the ability to earn a net monthly income of $3,600, recognized an existing child support obligation, and ordered Paul to pay Candice child support for Mitchell of $586 per month, with $236 per month of that amount to accumulate in arrears while Paul attends law school. Paul appealed, and we affirmed. *Henry v. Henry*, 1998 ND 141, 581 N.W.2d 921.

[¶ 4] Paul moved for review of the child support order under N.D.C.C. § 14–09–08.4. After a hearing, the trial court found, among other things:

1. As previously ordered by this Court and affirmed by the North Dakota Supreme Court in *Henry v. Henry*, 1998 ND 141, 581 N.W.2d 921, Defendant's imputed net income while attending law school for three years is $3,600 per month.

2. Defendant is still attending law school and therefore, imputed income shall continue in the amount of $3,600 per month.

The trial court ordered the judgment amended to set a monthly child support

obligation of $613, with Paul to pay $350 per month while in law school and the balance of $263 per month to accrue as arrearages. An amended judgment was entered, and Paul appealed.

[¶ 5] Paul asserts the trial court implicitly found he was underemployed, asserts Candice presented "virtually no evidence" he was underemployed, and contends the determination is clearly erroneous.

[¶ 6] "A parent has a duty to support his children to the best of his *abilities*, not simply to his inclinations." *Nelson v. Nelson*, 547 N.W.2d 741, 746 (N.D.1996). Thus, in computing a child support obligation under the child support guidelines in N.D. Admin. Code Ch. 75–02–04.1, income may be imputed to a child support obligor who is underemployed. *Henry*, 1998 ND 141, ¶ 21, 581 N.W.2d 921. Under N.D. Admin. Code § 75–02–04.1–07(1)(b), a child support obligor with earnings significantly less than prevailing amounts earned in the community by persons with similar work history and occupational qualifications is underemployed. Under N.D. Admin. Code § 75–02–04.1–07(2), an obligor with a gross income from earnings less than six-tenths that earned in the community by persons with similar work history and occupational qualifications, or less than 167 times the federal hourly minimum wage, is presumed underemployed.

[¶ 7] A child support order may periodically be reviewed under N.D.C.C. § 14–09–08.4 to determine if it is consistent with the child support payments required by the guidelines. Such a review may require a determination of whether the child support obligor is underemployed. "Absent adequate evidence, a court cannot find under NDAC 75–02–04.1–07 that an obligor is 'underemployed,' and accordingly cannot impute income." *Nelson*, 547 N.W.2d at 746–47. A movant for amendment of a child support order under N.D.C.C. § 14–09–08.4 has the burden of proving "the existing level of child support was not in conformity with the amount required by the guidelines." *Helbling v. Helbling*, 541 N.W.2d 443, 446 (N.D.1995). Both parties have an interest in presenting evidence about the obligor's underemployment because a movant who fails to present evidence runs the risk the motion will not be granted, while an opponent who fails to introduce evidence runs the risk the motion will be granted. *See Fargo Beverage Co. v. Fargo*, 459 N.W.2d 770, 774 (N.D.1990); *In re Annexation of Part of Donnybrook Pub. Sch. Dist. No. 24*, 365 N.W.2d 514, 523–24 (N.D.1985). Here, there was evidence Paul is still a fulltime law school student, he serves parttime in the National Guard earning $280.05 per month, and he works about 56 hours per month in a law firm, earning $7.50 per hour. The evidence shows Paul continues to be underemployed.

[¶ 8] Paul contends the trial court erred as a matter of law in calculating his child support obligation. "As a matter of law, the district court must clearly set forth how it arrived at the amount of income and level of support." *Buchholz v. Buchholz*, 1999 ND 36, ¶ 12, 590 N.W.2d 215. Under N.D. Admin. Code § 75–02–04.1–07(3), a monthly gross income based on earning capacity must be imputed to an unemployed or underemployed child support obligor:

3. Except as provided in subsections 4, 5, and 9, monthly gross income based on earning capacity equal to the greatest of subdivisions a through c, less actual gross earnings, must be imputed to an obligor who is unemployed or underemployed.

a. An amount equal to one hundred sixty-seven times the hourly federal minimum wage.

b. An amount equal to six-tenths of prevailing gross monthly earnings in the community of persons with similar work history and occupational qualifications.

c. An amount equal to ninety percent of the obligor's greatest average

gross monthly earnings, in any twelve consecutive months beginning on or after thirty-six months before commencement of the proceeding before the court, for which reliable evidence is provided.

[¶ 9] The monthly net income originally imputed to Paul of $3,600 was "consistent with an imputed gross amount of $4,143.46," *Henry,* 1998 ND 141, ¶ 22, 581 N.W.2d 921, which was calculated under N.D. Admin. Code § 75–02–04.1–07(3)(c) as an amount equal to ninety percent of Paul's gross monthly earnings when he was in the Air Force. In ruling on Paul's motion for review of his child support obligation, the trial court merely found Paul "is still attending law school and therefore, imputed income shall continue in the amount of $3,600 per month." The trial court failed to recognize this Court's determination in *Henry,* at ¶ 23, that the trial court's original order did not preclude Paul from later seeking a modification of his child support obligation.

[¶ 10] While Paul's attendance at law school has not changed, the basis for calculating his imputable income based on earnings capacity has changed. The $3,600 per month net income originally imputed to Paul was based on his Air Force income when Candice sued for a divorce. When the trial court ruled on Paul's motion for review of his child support obligation, Paul had been out of the Air Force for nearly three years and using his former income while in the Air Force was no longer appropriate to the extent it was not part of Paul's "greatest average gross monthly earnings, in any twelve consecutive months

beginning on or after thirty-six months before commencement of the proceeding before the court." N.D. Admin. Code § 75–02–04.1–07(3)(c). We conclude the trial court erred as a matter of law in computing the monthly gross income imputable to Paul.

[¶ 11] Paul contends his child support obligation should be based upon imputation to him of the federal hourly minimum wage or upon his actual earnings. With his education and work experience, basing Paul's child support obligation on imputation to him of the federal hourly minimum wage is not appropriate. Under N.D. Admin. Code § 75–02–04.1–07(3), basing Paul's child support obligation on his actual earnings while he chooses to attend law school fulltime is also not appropriate if his earnings are less than six-tenths of prevailing gross monthly earnings in the community of persons with a work history and occupational qualifications similar to Paul's.

[¶ 12] The amended judgment is reversed, and the matter is remanded for redetermination in accordance with N.D. Admin. Code § 75–02–04.1–07(3).

[¶ 13] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN and DALE V. SANDSTROM, JJ., concur.