2014 ND 13

**Branden J. SCHWALK, Plaintiff and Appellant**

v.

**Heather A. SCHWALK n/k/a Heather A. Abfalter, and State of North Dakota, Statutory Real Party in Interest, Defendants and Appellees.**

No. 20130225.

Supreme Court of North Dakota.

Jan. 17, 2014.

Stephen A. Fetch (argued), Bismarck, N.D. and Bryan D. Denham (on brief), Pampa, TX, for plaintiff and appellant.

Sheila K. Keller (argued), Bismarck, N.D., and Stacy M. Moldenhauer (appeared), Bismarck, N.D., for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Branden Schwalk appeals from a district court order denying his motion to modify his child support obligation. We affirm, concluding the court did not err in holding Schwalk's motion was not supported by the law and the evidence.

I

[¶ 2] Schwalk and Heather Abfalter, formerly known as Heather Schwalk, have one child together. The parties divorced in 2004, and Abfalter was awarded primary residential responsibility of the child. The divorce judgment ordered Schwalk to pay $207 per month in child support.

[¶ 3] In May 2011, the district court modified Schwalk's child support obligation. The court found Schwalk had a gross annual income of $91,169 and a net monthly income of $5,709. The court ordered Schwalk to pay $927 per month in child support. An amended judgment was entered.

[¶ 4] In March 2013, Schwalk served Abfalter and the State through the Bismarck Regional Child Support Unit with a motion to modify his child support obligation. The motion was not filed in the district court until May 14, 2013. Schwalk requested his child support obligation be set at $350 per month. Schwalk filed an affidavit and exhibits to support his motion. Schwalk stated he was no longer employed in the same job that was previously used to calculate his support obligation, he moved to Montana to be with his wife, he is employed in Montana, and his net income has decreased to approximately $2,500 per month. He also requested a downward deviation for the travel expenses he incurs to exercise parenting time with the child. Schwalk did not request an evidentiary hearing on his motion.

[¶ 5] In April 2013, Abfalter and the State responded and objected to Schwalk's motion. Abfalter also filed an affidavit contesting some of Schwalk's claims. The State requested a hearing, but did not secure a time for the hearing. A hearing was not held.

[¶ 6] On May 20, 2013, the district court denied Schwalk's motion. The court

held Schwalk voluntarily changed employment, a hearing was required for modification, and Schwalk's motion was not supported by the law and the evidence.

## II

[¶ 7] Schwalk argues the district court erred in denying his motion to modify his child support obligation. He contends a hearing is not required for modification and the law and evidence support modification.

[¶ 8] "Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review." *Buchholz v. Buchholz*, 1999 ND 36, ¶ 11, 590 N.W.2d 215. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if we have a definite and firm conviction, based on the entire record, that a mistake has been made. *Id.* When a district court may do something, it is generally a matter of discretion; and a court abuses its discretion when it acts in an arbitrary, capricious, or unreasonable manner. *Id.*

[¶ 9] If the child support order sought to be amended was entered at least one year before the filing of the motion to modify the support obligation, the district court "shall order the amendment of the child support order to conform the amount of child support payment to that required under the child support guidelines, . . . unless the presumption that the correct amount of child support would result from the application of the child support guidelines is rebutted." N.D.C.C. § 14–09–08.4(4). The party seeking modification under N.D.C.C. § 14–09–08.4 has the burden of proving the existing level of support

does not conform to the guidelines. *Dupay v. Dupay*, 2010 ND 87, ¶ 7, 782 N.W.2d 42.

[¶ 10] The district court denied Schwalk's motion to modify his child support obligation, ruling:

It appears Mr. Schwalk left a job where he was earning more than $90,000 per year to take a job in Montana where he is earning significantly less. From the record it appears to be a voluntary change in employment.

In any event, a hearing would be required for a modification, and absent additional information to justify such a hearing, it would not be reasonable to add to the expense incurred by Heather A. Abfalter in responding to the request.

The request is DENIED. I will not award attorney fees at this time, but Mr. Schwalk is on notice that further action not supported by the law and by evidence may well result in an award of attorney fees to Heather A. Abfalter.

### A

[¶ 11] The district court held a hearing was required for a modification. Schwalk's motion to modify his support obligation was brought under N.D.R.Ct. 3.2 and N.D.C.C. ch. 14–09.

[¶ 12] Chapter 14–09, N.D.C.C., does not explicitly require a hearing to modify a child support obligation. *See* N.D.C.C. § 14–09–08.8(2) (a court may decide a motion for modification based on the files, records, and evidence received in consideration of the motion). Rule 3.2, N.D.R.Ct., provides procedural rules for motions and does not require a hearing be held on every motion. The rule provides that the district court may hear oral argument on any motion and the court may require oral argument or an evidentiary hearing after reviewing the parties' sub-

missions on a motion. N.D.R.Ct. 3.2(b). A party who has timely served and filed a brief on a motion may also request a hearing, and the request must be granted if the party secures a time for the hearing and serves notice upon all other parties. N.D.R.Ct. 3.2(a)(3). A motion, including a motion to modify child support, may be decided on the parties' briefs and other papers filed in support of the motion without a hearing. *See* N.D.R.Ct. 3.2. "When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions." N.D.R.Civ.P. 43(b). Affidavits filed in support of a motion are evidence that the court may consider in deciding the motion. *Id.*

[¶ 13] In this case, Schwalk filed an affidavit and supporting documents but did not request or schedule a hearing on his motion. The State requested a hearing in its response to Schwalk's motion; however, the State did not schedule a hearing and serve notice as N.D.R.Ct. 3.2(a)(3) requires. While the district court may require an evidentiary hearing after reviewing the parties' submissions, N.D.R.Ct. 3.2(b), a hearing is not required by law to decide a motion to modify child support. To the extent the court held a hearing is required by law for modification of a child support obligation, it is in error.

### B

[¶ 14] Although the district court improperly held a hearing was required for modification, our inquiry does not end because the court also found that Schwalk's change in employment was voluntary and his motion was not supported by the law and evidence. Schwalk contends the evidence presented in his affidavit and supporting documents was sufficient to show his child support obligation was not in compliance with the guidelines and must be modified.

[¶ 15] Section 75–02–04.1–07(11), N.D. Admin. Code, allows for the imputation of income based on earning capacity when the child support obligor makes a voluntary change in employment resulting in a reduction in income:

[I]f an obligor makes a voluntary change in employment resulting in reduction of income, monthly gross income equal to one hundred percent of the obligor's greatest average monthly earnings, in any twelve consecutive months beginning on or after twenty-four months before commencement of the proceeding before the court, for which reliable evidence is provided, less actual monthly gross earnings, may be imputed without a showing that the obligor is unemployed or underemployed. For purposes of this subsection, a voluntary change in employment is a change made for the purpose of reducing the obligor's child support obligation and may include becoming unemployed, taking into consideration the obligor's work history, education, health, age, stated reason for change in employment, likely employment status if the family before the court were intact, and any other relevant factors. The burden of proof is on the obligor to show that the change in employment was not made for the purpose of reducing the obligor's child support obligation.

If the court determines the obligor voluntarily changed employment, the court may impute monthly gross income equal to the average of the obligor's twelve highest consecutive monthly earnings beginning twenty-four months before the current proceedings to calculate the obligor's child support obligation. *See* N.D. Admin. Code § 75–02–04.1–07(11); *Christoffersen v. Giese*, 2005 ND 17, ¶ 6, 691 N.W.2d 195

(explaining how to calculate the support obligation when there is a voluntary change in employment under a prior version of the rule). This Court has explained the principles embodied by the rule allowing the imputation of income when there is a voluntary change in employment:

> A parent has a duty to support her children to the best of her abilities, not simply to her inclinations. The guidelines represent an effort to balance an obligor's freedom to make employment decisions with the duty to diligently and fully support her children. An obligor is still free to change jobs, but if the result of the change is a decrease in income the obligor who made the change should make a greater sacrifice than her children.

*Logan v. Bush*, 2000 ND 203, ¶ 15, 621 N.W.2d 314 (citations omitted).

[¶ 16] Schwalk requested his child support obligation be reduced because he recently changed employment and his income decreased. In his affidavit, he stated:

> I no longer work at the job that they calculated my income at for purposes of establishing my child support obligation. I also have since moved to Montana to be with my wife and have started a new job with H & H Crane Service. I am making substantially less money than I was at the time of the Judgment. At the time of the Judgment, they calculated my net monthly income at $5,709.00. Now, my net monthly income is approximately $2,500.00.

Schwalk submitted copies of his paychecks from his current employer for the pay periods of January 21, 2013, to February 17, 2013, to support his affidavit. Schwalk stated his child support obligation should be $486.50 per month. He attached copies of the child support guidelines worksheet, showing his calculations.

[¶ 17] Abfalter filed an affidavit that disputed some of Schwalk's statements, stating Schwalk works in an industry where he works more during certain times of the year and January is likely to be one of the months where Schwalk works the least amount of hours. She claimed the information attached to Schwalk's affidavit did not accurately reflect his annual income.

[¶ 18] Schwalk had the burden to prove that the existing amount of his support obligation does not conform to the guidelines, *see Dupay*, 2010 ND 87, ¶ 7, 782 N.W.2d 42, and that the change in his employment was not for the purpose of reducing his support obligation, N.D. Admin. Code § 75-02-04.1-07(11). Schwalk did not present evidence establishing that his change in employment was not for the purpose of reducing his child support obligation. "[A] voluntary change in employment is a change made for the purpose of reducing the obligor's child support obligation ... taking into consideration the obligor's work history, education, health, age, stated reason for change in employment, likely employment status if the family before the court were intact, and any other relevant factors." N.D. Admin. Code § 75-02-04.1-07(11). Schwalk only stated that he no longer works at his previous place of employment and that he moved to Montana to be with his wife after his previous employment ended. He did not present any other evidence about his motive and why he changed his employment. Furthermore, Schwalk did not present any evidence about any of the factors the court is to consider. Schwalk did not request and schedule an evidentiary hearing and he continues to claim a hearing was not necessary. Although a hearing is not required by law to modify a child support obligation, a hearing may have been necessary for Schwalk to meet

his burden of proof and present sufficient evidence about his motive for the change in his employment.

[¶ 19]   Schwalk had the burden to prove the change in his employment was not for the purpose of reducing his child support obligation.   He failed to present sufficient evidence to meet that burden.   On this record, therefore, we conclude the district court's finding there was a voluntary change of employment is not clearly erroneous.

[¶ 20]   Because the district court found there was a voluntary change of employment, Schwalk's income could be imputed at the average of his twelve highest consecutive monthly earnings beginning twenty-four months prior to the current proceedings.   Schwalk did not present any evidence about his income over the twenty-four months prior to the current proceedings.   Schwalk had the burden to prove his support obligation did not conform to the guidelines and he failed to present sufficient evidence to meet his burden of proof.   The court properly found modification was not supported by the law and by evidence.   We conclude the court did not err in denying Schwalk's motion to modify his child support obligation based on his reduction in income.

## C

■ [¶ 21]   Schwalk also contends he was entitled to a downward deviation because he incurs great travel expenses to exercise his parenting time.

■ [¶ 22]   The amount of the child support obligation calculated using the child support guidelines is presumed to be the correct amount.   N.D. Admin. Code § 75–02–04.1–09(1).   However, the presumption may be rebutted if a preponderance of the evidence establishes that a deviation from the guidelines is in the child's best interests and that one of the

criteria provided by the code is met.   N.D. Admin. Code § 75–02–04.1–09(2).   Section 75–02–04.1–09(2)(j), N.D. Admin. Code, provides one criterion that may rebut the presumption:

> The reduced ability of an obligor who is responsible for all parenting-time expenses to provide support due to travel expenses incurred predominantly for the purpose of visiting a child who is the subject of the order taking into consideration the amount of court-ordered parenting time and, when such history is available, actual expenses and practices of the parties[.]

The party requesting a deviation from the presumptive amount of support under the guidelines bears the burden of proof.   *Keita v. Keita,* 2012 ND 234, ¶ 16, 823 N.W.2d 726.   The court has discretion in exercising its power to grant a downward deviation.   *Pember v. Shapiro,* 2011 ND 31, ¶ 37, 794 N.W.2d 435.

[¶ 23]   Schwalk requested a deviation for the travel expenses he incurs during parenting time, stating:

> I am currently incurring substantial travel expenses each time I travel to Bismarck and exercise my right to parenting time with [the child].   I also have another child from a previous relationship that resides in Bismarck so I usually am able to exercise my parenting time with both children when I come to Bismarck.   I currently have alternating weekends for parenting time with [the child] and my other child from a previous relationship.   Each time I exercise parenting time, I incur approximately $350.00 in expenses for fuel, $200.00 in expenses for a hotel, and approximately $100.00 in expenses for food and other expenses relating to caring for [the child] and my other child. . . . I respectfully request that the court reduce my

child support obligation to $350.00 per month....

Schwalk did not submit any other evidence to support his statements about his travel expenses. Abfalter stated in her affidavit that Schwalk does not exercise all of the parenting time he is entitled to and that he usually sees the child once every four to eight weeks.

[¶ 24] Schwalk did not provide evidence of his actual expenses or the parties' practices. The district court held Schwalk's motion was not supported by the evidence. A court does not err in refusing to allow a downward deviation for parenting time travel expenses if the party requesting the deviation does not furnish sufficient evidence to determine travel expenses. *See Hendrickson v. Hendrickson*, 553 N.W.2d 215, 219 (N.D.1996). We conclude Schwalk failed to meet his burden of proof and the court did not abuse its discretion in denying his motion.

### III

[¶ 25] We affirm the district court order denying Schwalk's motion to modify his child support obligation.

[¶ 26] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, S.J., DANIEL J. CROTHERS, J., and GARY A. LEE, D.J., concur.

[¶ 27] The Honorable GARY H. LEE, D.J., sitting in place of SANDSTROM, J., disqualified.

[¶ 28] The Honorable LISA FAIR McEVERS was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge MARY MUEHLEN MARING, sitting.