2014 ND 122

**Robert J. DEVINE, Plaintiff and Appellant**

v.

**Rebekah L. HENNESSEE, f/k/a Rebekah L. Devine, Defendant and Appellee.**

**No. 20130347.**

Supreme Court of North Dakota.

June 24, 2014.

Jacey L. Johnston, Grand Forks, ND, for plaintiff and appellant; submitted on brief.

Sarah W. Gereszek, Grand Forks, ND, for defendant and appellee; submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] Robert Devine appealed from a fifth amended judgment reducing the amount of child support his ex-wife, Rebekah Hennessee, is required to pay each month. We affirm the judgment.

I

[¶ 2] Devine and Hennessee were divorced in 2001. The parties have two minor children together. Both children were born in 1996. Devine and Hennessee were awarded joint legal custody of the children. Devine was granted primary residential responsibility of the children, subject to Hennessee's reasonable and liberal visitation rights. The original judgment has been amended several times. Under the fourth amended judgment, entered September 2011, Hennessee was ordered to pay $1,200 per month in child support. The amount was based on her income while she was serving in the United States Air Force. The amount was reduced due to travel expenses incurred for parenting time, as Hennessee was stationed at Ramstein Air Base in Germany.

[¶ 3] Hennessee was medically discharged from the Air Force in April 2013, and filed a motion to amend her child support obligations. Hennessee argued that, as a result of her discharge, her monthly income had decreased, thus warranting recalculation of her child support. Devine resisted the motion, and argued that Hennessee did not answer his discovery and production requests for information concerning her disability payments or documenting her inability to work.

[¶ 4] Prior to the motion hearing, Hennessee filed a request to testify telephonically from Tucson, Arizona, where she has been living since 2012. Hennessee claimed she did not have the financial means to travel from Tucson to Grand Forks for the hearing. Devine resisted Hennessee's motion. The court granted Hennessee's motion to appear telephonically. At the hearing, Hennessee testified she served in the Air Force for over eighteen years but that she was not currently employed. She testified that the training and experience she received in the Air Force does not transfer over to employment in the civilian sector.

[¶ 5] Hennessee testified she was medically discharged from the Air Force in April 2013. Hennessee explained she was medically discharged because she was diagnosed with major depression and borderline personality disorder. She also testified she underwent three ankle surgeries and was no longer able to complete the requisite physical training. Hennessee testified she is currently receiving $1,533 in retirement pay each month, and that her Veterans Affairs ("VA") benefits were still being processed. Hennessee testified that once her VA benefits are processed, she will no longer receive her retirement pay and will instead only receive disability pay. Hennessee testified she did not know how much she would receive for disability pay or when the disability payments would commence. She testified the $1,533 she receives in retirement pay is her only source of income.

[¶ 6] Hennessee testified she is not looking for employment because she attends VA classes for depression, sees a therapist for depression and post traumatic stress disorder ("PTSD"), and sees a psychiatrist for cognitive behavior therapy. Hennessee also stated she was planning on starting school near her home in Tucson. She testified the GI Bill would cover her tuition and provide a housing allowance.

[¶ 7] On cross-examination, Hennessee testified she had not enrolled in school and had not signed up for the GI Bill. She testified that her therapy is about eight or nine hours a week. Hennessee stated she received Devine's discovery requests for a copy of her 2011 and 2012 tax returns, but that she did not provide him with a copy of either return. She testified that in her move from Germany back to the United States in April 2012, the documents were misplaced and are still in storage. Hennessee also testified she contacted the IRS for her 2011 and 2012 returns, but she has not received them yet. Hennessee admitted she did not provide Devine with any documentation to support her testimony that she was discharged for depression, borderline personality disorder and the three ankle surgeries. Hennessee testified she received the discovery request but did not produce any documents because she did not believe that Devine needed to know that information about her.

[¶ 8] Devine testified at the hearing in person. Devine stated he has custody of the two minor children, ages sixteen and seventeen. Devine testified he is an eighty-percent disabled veteran with acute anxiety, PTSD, and severe depression. Devine testified the disability rating has nothing to do with civilian employment. Devine also testified, based on his military experience, that the Air Force has a federal job code that provides a list of civilian occupations that veterans are qualified for after they leave the military. Devine stated that, as the minor children have gotten older, they have increased expenses from school activities and sports, car insurance, exchange programs, and various other costs.

[¶ 9] Following the hearing, the district court entered a memorandum opinion and order finding that Hennessee's income was drastically reduced through no fault of her own. The court determined her current income is $1,533 per month. The court found Devine failed to show that another amount should be imputed to Hennessee. The court also found that Devine did not bring a motion to compel Hennessee's disability and financial records that he sought in discovery. The court determined that, based on Hennessee's net yearly income of $18,396, the proper child support calculation was $416 per month.

## II

[¶ 10] Devine argues the district court erred in modifying Hennessee's child support and impermissibly shifted the burden of proof to the non-moving party. This Court's review of a district court's child support determination is well-established. "Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review." *Schwalk v. Schwalk*, 2014 ND 13, ¶ 8, 841 N.W.2d 767. "If the district court fails to comply with the child support guidelines in determining an obligor's child support obligation, the court errs as a matter of law." *Machart v. Machart*, 2009 ND 208, ¶ 14, 776 N.W.2d 795.

[¶ 11] Section 14–09–08.4(4), N.D.C.C., provides that, if a child support order was entered at least one year before the filing of a motion for amendment, the district court must order the amendment of the child support order to conform with the amount required under the child support guidelines, "unless the presumption that the correct amount of child support would result from the application of the child support guidelines is rebutted." "The party seeking modification under

N.D.C.C. § 14–09–08.4 has the burden of proving the existing level of support does not conform to the guidelines." *Schwalk*, 2014 ND 13, ¶ 9, 841 N.W.2d 767.

■ [¶ 12] Here, the fourth amended judgment was entered at least one year before Hennessee filed her motion for amendment. As the party seeking an amendment to the child support order, Hennessee had the burden of proving the existing level of support was not in accordance with the child support guidelines. The court was required to amend Hennessee's child support obligation if it did not conform with the proper amount as provided in the child support guidelines. *See, e.g., Torgerson v. Torgerson,* 2003 ND 150, ¶ 8, 669 N.W.2d 98.

[¶ 13] At the hearing, Hennessee testified that her income had decreased as a result of her discharge from the Air Force in 2013. Hennessee did not provide documentation of her discharge, current income, medical disability, or retirement pay. In support of her motion to amend, Hennessee included an affidavit and a proposed disability rating document from the VA, however, the document was never entered into evidence. As a result, the court could only rely on Hennessee's telephonic testimony and affidavit to determine her income.

[¶ 14] Based on this evidence, the court found Hennessee "is receiving service connected disability pay of $1,533 per month. The Plaintiff [Devine] has failed to show that another amount should be imputed to the Defendant [Hennessee]. When he got incomplete information from the Defendant he did not bring a motion to compel." Devine argues the court, by these findings, shifted the burden to him to disprove Hennessee's income.

■ [¶ 15] We conclude the district court did not shift the burden of proof to Devine, the non-moving party, to show that the existing level of support did not conform with the guidelines. The court first placed the onus on Hennessee going forward to prove that her child support payments did not conform with the guidelines. It was only after the court accepted Hennessee's argument that her support obligations did not conform with the guidelines that the court reviewed and rejected Devine's arguments. Although the court determined Devine failed to rebut Hennessee's evidence, the court did not begin with the presumption that Hennessee's support was incongruous with the guidelines. We conclude the court did not improperly shift the burden of proof to Devine.

### III

■ [¶ 16] Devine argues the district court erred in relying upon insufficient evidence or evidence not admitted at the hearing to determine Hennessee's income. This Court has previously stated that a proper finding of net income is essential to determine the correct amount of child support under the child support guidelines. *Entzie v. Entzie,* 2010 ND 194, ¶ 6, 789 N.W.2d 550. To properly determine an obligor's child support obligation, "[u]nder the child support guidelines, each child support order must include a statement of the net income of the obligor used to determine the child support obligation, and how that net income was determined." *Krueger v. Krueger,* 2011 ND 134, ¶ 23, 800 N.W.2d 296. The child support guidelines specifically detail:

> Income must be sufficiently documented through the use of tax returns, current wage statements, and other information to fully apprise the court of all gross income. Where gross income is subject to fluctuation, regardless of whether the obligor is employed or self-employed, information reflecting and covering a peri-

od of time sufficient to reveal the likely extent of fluctuations must be provided. N.D. Admin. Code § 75–02–04.1–02(7). This Court has also stated, because a proper finding of income is essential to determine the correct amount of child support under the child support guidelines, as a matter of law, a trial court must clearly set forth how it arrived at the amount of income and the level of support. *Berge v. Berge*, 2006 ND 46, ¶ 8, 710 N.W.2d 417.

[¶ 17] Sworn testimony is admissible as evidence the court may consider. *Meier v. Said*, 2007 ND 18, ¶ 26, 726 N.W.2d 852. This Court has also held that affidavits filed in support of a motion to amend child support are evidence the district court may consider in deciding the motion. *Schwalk*, 2014 ND 13, ¶ 12, 841 N.W.2d 767. "The trial court is the ultimate arbiter of the credibility of the witnesses and the weight to be given their testimony." *Weiss v. Anderson*, 341 N.W.2d 367, 371 (N.D.1983).

[¶ 18] Devine argues Hennessee did not sufficiently document her income because she did not provide the court with tax returns, income statements, her military discharge, or any records of her military retirement or disability pay. However, Hennessee did provide the court with sworn testimony concerning her military discharge and her decrease in income. Hennessee also provided the court with a sworn affidavit in support of her motion to amend child support. The affidavit stated that Hennessee was medically discharged from the Air Force and that her new monthly income, based on her retirement pay, was $1,580 per month.

[¶ 19] Although there is sparse documentation concerning Hennessee's income, we conclude Hennessee's sworn affidavit and sworn testimony constitute adequate "other information" to "fully apprise the court of all gross income." N.D. Admin.

Code § 75–02–04.1–02(7). The district court made a credibility determination when it accepted Hennessee's testimony concerning her military discharge and her reduction in income.

[¶ 20] Devine also argues the court erred by relying on "Exhibit A," Hennessee's proposed disability rating from the VA. "Exhibit A" was filed with Hennessee's motion to amend support but was not admitted into evidence. "Exhibit A" indicates the VA proposed classifying Hennessee with a ninety-percent service-connected disability, but at the hearing, Hennessee testified she had a seventy-percent service-connected disability. The court found "[Hennessee] first thought her income would be $1,689 based on 90% disability but she is now classified at 70%, so her income is $1,533 per month." From this record, we do not believe the court actually relied on "Exhibit A." Ultimately, we conclude the court properly relied on Hennessee's testimony and affidavit. This information was adequate to sufficiently document her income.

IV

[¶ 21] Devine argues the court erred in failing to consider all possible sources of income when it determined Hennessee's child support obligations. Devine specifically argues the court failed to consider possible GI Bill money Hennessee would be receiving for school and housing. The court determined, "whether [Hennessee] does enroll in school and receives GI Bill benefits is speculative, as is speculating as to what her disability rating may finally be." When Hennessee begins receiving her disability benefits, or GI Bill education benefits, this may constitute a material change in circumstances as justifying a modification of child support.

[¶ 22] Devine also argues the court failed to impute any potential income to Hennessee based on her ability to work. Under the support guidelines, an obligor's ability to pay child support is not determined solely upon actual income, but also takes into account the obligor's earning capacity. *Logan v. Bush*, 2000 ND 203, ¶ 9, 621 N.W.2d 314. "Gross income," for purposes of calculating child support obligations, means income from any source and in any form. N.D. Admin. Code § 75-02-04.1-01(4)(a). Gross income does not include certain benefits received from public assistance programs, or certain employee benefits over which the employee does not have a significant influence or control. N.D. Admin. Code § 75-02-04.1-01(4)(a)(1) and (2).

[¶ 23] "Determination of whether an individual is underemployed is within the discretion of the trial court." *Torgerson v. Torgerson*, 2003 ND 150, ¶ 10, 669 N.W.2d 98. "A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Knoll v. Kuleck*, 2004 ND 199, ¶ 6, 688 N.W.2d 370. Imputing income is appropriate when an individual is underemployed. *Torgerson*, 2003 ND 150, ¶ 10, 669 N.W.2d 98. "A court may find an obligor is underemployed and impute the obligor's income, if 'the obligor's gross income from earnings is significantly less than the statewide average earnings for persons with similar work history and occupational qualifications.'" *Halberg v. Halberg*, 2010 ND 20, ¶ 16, 777 N.W.2d 872 (quoting N.D. Admin. Code § 75-02-04.1-07(1)(b)). The Code states that an obligor is presumed to be underemployed if the obligor's gross income from earnings is less than: "a. Six-tenths of the statewide average earnings for persons with similar work history and occupational qualifications; or b. A monthly amount equal to one hundred sixty-seven times the federal hourly minimum wage." N.D. Admin. Code § 75-02-04.1-07(2). "The district court must properly determine an obligor's income under the child support guidelines before the court can find an obligor underemployed and impute income to the obligor." *Entzie*, 2010 ND 194, ¶ 15, 789 N.W.2d 550.

[¶ 24] The court noted that Devine argued Hennessee is underemployed and that her current income should be imputed at sixty percent of her military pay of $75,642. The court did not specifically make a finding whether Hennessee was underemployed or any findings concerning what the statewide earning average is for a person of similar work history and occupational qualifications. Hennessee did testify that her job in the Air Force entailed working behind a desk at a computer. She also testified she could likely secure a position as a secretary.

[¶ 25] Applying the facts, we conclude the district court did not abuse its discretion in declining to make a finding that Hennessee was underemployed. The court ostensibly reasoned that Hennessee's mental and physical health conditions precluded her from further employment. The court found that Hennessee stated she could not hold a job at the current time. The court also noted that Hennessee is not looking for another job at this time and that she is seeking treatment for her mental health issues. Although Hennessee's income is significantly less than what she was earning in the Air Force, the court appeared to reason that the same mental and physical health limitations that forced her Air Force discharge are still impeding Hennessee's ability to earn the same income now.

V

[¶ 26] We affirm the judgment reducing the amount of child support Hennessee is required to pay each month.

[¶ 27] CAROL RONNING KAPSNER, LISA FAIR McEVERS, and DANIEL J. CROTHERS, JJ., concur.

McEVERS, Justice, concurring specially.

[¶ 28] I concur with the majority. I write separately to discuss the role of the district court when the parties fail to offer documentary evidence and fail to make legal arguments.

[¶ 29] Both the majority and the dissent refer to N.D. Admin. Code § 75–02–04.1–02(7) of the child support guidelines, which states: "[i]ncome must be sufficiently documented through the use of tax returns, current wage statements, and other information to fully apprise the court of all gross income." I understand the frustration of the dissent with the lack of documentation provided by the parties below. However, in this case, I agree with the majority's conclusion that Hennessee's sworn affidavit and sworn testimony constituted adequate "other information" to "fully apprise the court of all gross income" under N.D. Admin. Code § 75–02–04.1–02(7).

[¶ 30] Judges are meant to be neutral arbiters that allow the attorneys to advocate on behalf of their clients. *See State v. Olson*, 244 N.W.2d 718, 723 (N.D.1976) (noting the appearance of justice is diminished when a trial judge "substitutes a three-piece suit of advocacy for his robe of impartiality"). We should not turn the role of trial judges from fair and impartial adjudicators to advocates for obligees. *Berg v. Ullman*, 1998 ND 74, ¶ 40, 576 N.W.2d 218 (Neumann, J., dissenting). Yet, the dissent concludes that the district court should have required Hennessee to supply documents, in addition to her affidavit and sworn testimony, to determine the amount of her child support obligation. This despite the fact that current tax statements would not have been relevant because the motion to modify the child support was based on a new disability status that would not have been reflected in the tax returns and there would be no current wage statements because she is not employed. In addition, Devine brought neither a motion to compel discovery nor a motion for a continuance of the hearing for Hennessee's failure to provide discovery.

[¶ 31] We have noted that both parties have an interest in presenting evidence, "because a movant who fails to present evidence runs the risk the motion will not be granted, while an opponent who fails to introduce evidence runs the risk the motion will be granted." *Henry v. Henry*, 2000 ND 10, ¶ 7, 604 N.W.2d 234. The parties here requested the hearing and chose to go forward knowing what evidence each had, or, in the case of Devine, what he did not have. The transcript reflects that Devine wanted to "move forward as fast as possible." It was a tactical decision by Devine not to bring a motion to compel discovery or request a continuance, perhaps thinking the judge would deny Hennessee's motion based on a lack of evidence.

[¶ 32] While I agree with the dissent that more documentary evidence may have been helpful to the district court, I disagree that it was mandatory. The district court's findings of fact are supported by Hennessee's testimony. The only question here is whether the trial court erred as a matter of law for not requiring the testimony be supported by documentary evidence in addition to her sworn affidavit.

[¶ 33] The facts of this case are significantly different than those in *Knoll v. Kuleck,* 2004 ND 199, 688 N.W.2d 370, on which the dissent relies. In that case, Kuleck, the obligor, quit his job and became self-employed. Tax returns would have been relevant to prove his income, but were not admitted into evidence, even though the obligor brought the records to court. *Id.* at ¶¶ 2, 15. The district court, in *Knoll,* admitted its findings were based on an "arbitrary number that doesn't directly connect to anything." *Id.* at ¶ 3. The obligor in this case did not quit her job, rather she became disabled. The district court here did not make an arbitrary finding on income. Rather, it was made based on Hennessee's affidavit and testimony. This Court has affirmed findings in child support matters based on testimony not supported by documentation of the same. *See Schumacher v. Schumacher,* 1999 ND 10, ¶ 6, 589 N.W.2d 185 (concluding party was entitled to claim medical deductions to reduce his child support obligations based solely on his testimony, despite no documentation of such expenses). As the majority notes, at ¶ 19, both sworn testimony and affidavits are admissible evidence the district court may consider, and the district court is the ultimate arbiter of credibility. In addition, attached to Hennessee's motion and filed with the court was Exhibit A, a document called "Proposed Ruling Decision" from a Veteran's Service Center Manager, discussing Hennessee's disability rating, an estimate of her compensation, and other information. Although this exhibit was not offered into evidence, the parties and the court were aware of it, and Hennessee testified about Exhibit A, and the information it reflected, without objection from Devine. As noted in the *Knoll* case, an obligor's lawyer may not have the expertise to navigate the increasingly arcane child support rules "that seem destined to eventually riyuval

the complexity of the Internal Revenue Code." *Knoll,* at ¶ 15 (Sandstrom, J., concurring). As in *Knoll,* the document in Exhibit A was available, but the obligor's attorney did not offer it in evidence. Based on these circumstances, the district court did not err in deciding the motion on the evidence before it.

[¶ 34] LISA FAIR McEVERS

SANDSTROM, Justice, dissenting.

[¶ 35] I respectfully dissent.

[¶ 36] Children are entitled to support from both their mothers and their fathers. Here a father with primary residential responsibility and with significant medical problems of his own seeks full support from the mother for the children as required under the guidelines.

[¶ 37] Under our child support guidelines, "[i]ncome *must* be sufficiently documented through the use of tax returns, current wage statements, and other information to fully apprise the court of all gross income." N.D. Admin. Code § 75–02–04.1–02(7) (emphasis added). The majority, at ¶ 19, citing N.D. Admin. Code § 75–02–04.1–02(7), determined that "[a]lthough there is sparse documentation concerning Hennessee's income, we conclude Hennessee's sworn affidavit and sworn testimony constitute adequate 'other information' to 'fully apprise the court of all gross income.'"

[¶ 38] "Administrative regulations are derivatives of statutes and are construed under rules of statutory construction." *Gadeco, LLC v. Indus. Comm'n,* 2013 ND 72, ¶ 10, 830 N.W.2d 535. "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, . . . ." N.D.C.C. § 1–02–02. "Words and phrases must be construed according to the context and the

rules of grammar and the approved usage of the language." N.D.C.C. § 1–02–03.

[¶ 39] The words of the child support guidelines clearly state, "Income must be sufficiently documented...." N.D. Admin. Code § 75–02–04.1–02(7). The verb "document" means "[t]o support with records, instruments, or other evidentiary authorities." *Black's Law Dictionary* 555 (9th ed.2009). "Documentation" derives from "document." *Random House Dictionary of the English Language* 578 (2d ed.1987). Oral testimony is not documentation. *See, e.g., In re Corman,* 2014 ND 88, ¶ 9, 845 N.W.2d 335 ("Based upon the totality of the testimony and documentation produced during hearing, . . . ."); *State v. Arot,* 2013 ND 182, ¶ 2, 838 N.W.2d 409; *Holte v. Holte,* 2013 ND 174, ¶¶ 41–43, 48, 837 N.W.2d 894; *Niles v. Eldridge,* 2013 ND 52, ¶ 2, 828 N.W.2d 521; *Reciprocal Discipline of Kitchen,* 2013 ND 18, ¶ 2, 826 N.W.2d 620; *Heinle v. Heinle,* 2010 ND 5, ¶ 13, 777 N.W.2d 590 ("Travis Heinle testified he receives cash gifts from his father annually. . . . Travis Heinle did not submit any documentation of the income he received from his father to the district court."). Hennessee provided absolutely no documentation to prove her income to the district court. This documentation is required under the clear language of section 75–02–04.1–02(7) of North Dakota's child support guidelines.

[¶ 40] Section 75–02–04.1–07(10), N.D. Admin. Code, explains that if an individual fails to provide reliable information when seeking to amend or review a child support obligation, income will be imputed:

> If the obligor fails, upon reasonable request made in any proceeding to review a child support obligation, to furnish reliable information concerning the obligor's gross income from earnings, and if that information cannot be reasonably obtained from sources other than the obligor, income must be imputed based on the greatest of:
>
> a. Subdivisions a through c of subsection 3; or
>
> b. The obligor's net income, at the time the child support order was entered or last modified, increased at the rate of ten percent per year.

[¶ 41] In *Knoll v. Kuleck,* 2004 ND 199, ¶ 8, 688 N.W.2d 370, we explained that an obligor has failed to furnish reliable information concerning his income when the obligor's income is insufficiently documented:

> We understand the trial court's frustration in a case like this one in which neither of the parties attempted to present or cause to be presented evidence of the obligor's income "sufficiently documented through the use of tax returns . . . and other information to fully apprise the court of all gross income," . . . received by the obligor or "profit and loss statements which . . . accurately reflect the current status," . . . of the obligor's income. The parties' inadequate evidentiary presentation, however, did not authorize the trial court to "take an arbitrary number that doesn't directly connect to anything," as the court did here, as the basis for its computation of an obligor's child support obligation. On the facts before the trial court, N.D. Admin. Code § 75–02–04.1–07(8) requires income to be imputed to the obligor based on the greatest of four methods of measuring earning capacity for failure, upon reasonable request, to furnish reliable information concerning the obligor's gross income from earnings, and it was error not to do so here.

[¶ 42] Although *Kuleck* was decided prior to the current version of North Dakota's child support guidelines, the holding is nevertheless relevant because it explains that documentation is necessary in order

to provide reliable information under the guidelines and that failure to provide this documentation requires that income be imputed. *See id.* Moreover, the current version of the guidelines has almost identical language to the version of the guidelines analyzed by the court in *Kuleck. See* N.D. Admin. Code § 75–02–04.1–07(10) ("If the obligor fails, upon reasonable request made in any proceeding to review a child support obligation, to furnish reliable information concerning the obligor's gross income from earnings . . . .").

[¶ 43] In this case, Hennessee moved to amend her child support obligations yet provided no documentation concerning her gross income from earnings. As a result, this case falls under N.D. Admin. Code § 75–02–04.1–07(10), which applies when an obligor is seeking review of a child support obligation but has failed to furnish reliable information concerning gross income. Hennessee's income must therefore be imputed on the basis of the greater of (a) her income under subsection 3 of the guidelines, or (b) her net income at the time the child support order was last entered. *See* N.D. Admin. Code § 75–02–04.1–07(10).

[¶ 44] Section 75–02–04.1–07(3), N.D. Admin. Code, provides:

> [G]ross income based on earning capacity equal to the greatest of subdivisions a through c, less actual gross earnings, must be imputed to an obligor who is unemployed or underemployed.
>
> . . . .

[¶ 45] The majority, at ¶ 24, recognized the district court "did not specifically make a finding whether Hennessee was underemployed or any findings concerning what the statewide earning average is for a person of similar work history and occupational qualifications." Without a specific finding that Hennessee was unemployed or underemployed, her income cannot be properly calculated under the plain language of N.D. Admin. Code § 75–02–04.1–07(3). *See also Surerus v. Matuska,* 548 N.W.2d 384, 387–88 (N.D.1996) ("Ordinarily, a finding of either unemployment or underemployment is necessary to impute income under section 75–02–04.1–07."). As a result, Hennessee's income cannot be properly calculated under the first prong of N.D. Admin. Code § 75–02–04.1–07(10).

[¶ 46] Under the second prong, N.D. Admin. Code § 75–02–04.1–07(10)(b), Hennessee's income is calculated on the basis of her "net income, at the time the child support order was entered or last modified, increased at the rate of ten percent per year." N.D. Admin. Code § 75–02–04.1–07(10)(b). The record reflects that at the time the child support order was entered or last modified, Hennessee's net monthly income was $4780.01. Under the income calculation provided by the guidelines, this amount is increased at the rate of ten percent per year.

[¶ 47] To summarize, N.D. Admin. Code § 75–02–04.1–07(10) provides that income in this situation must be imputed on the basis of the greatest of: (a) Subdivisions a through c of subsection 3; or (b) the obligor's net income, at the time the child support order was entered or last modified, increased at the rate of ten percent per year. Because no calculation can be made under part (a), Hennessee's income is greater under part (b) and must therefore be imputed on the basis of her previously calculated net income of $4780.01, increased at a rate of ten percent per year.

[¶ 48] The concurring opinion reasons that current tax statements would be irrelevant because the motion to modify child support was based on a new disability status, and current wage statements would not exist because Hennessee says she is

not employed. Although wage and tax statements might not be helpful in this case, there are certainly other available documents, such as bank statements and disability pay stubs, which would provide evidence of Hennessee's income.

[¶ 49] The concurring opinion also cites to *Schumacher v. Schumacher*, 1999 ND 10, ¶ 6, 589 N.W.2d 185, for the proposition that child support can be reduced solely on the basis of testimony. Although we held in *Schumacher* that documentation was not required, that case involved the calculation of a reduction in obligation based on payment of child medical expenses under a different section of the child support guidelines that does not specify documentation is required. Moreover, since *Schumacher* was decided, this Court has clearly established the need for documentation. *See, e.g., Harger v. Harger*, 2002 ND 76, ¶ 10, 644 N.W.2d 182 ("As evidence of his 2000 income, he presented an unsigned, unfiled tax return prepared by a certified public accountant.... No other documentation was presented to support the figures listed on the return, and he was unable to explain their origin. This is clearly insufficient documentation of income.") (citations omitted); *Knoll v. Kuleck*, 2004 ND 199, ¶ 7, 688 N.W.2d 370 ("At the hearing in 2004, neither of the attorneys presented tax returns, profit and loss statements, or any other documentation of Kuleck's 2002 and 2003 income sufficient 'to fully apprise the court' of Kuleck's gross income for those years.").

[¶ 50] Finally, as recognized in the concurring opinion, Hennessee did have a document available which discussed her "proposed" disability rating and estimated her likely compensation. Nevertheless, that document was never offered into evidence, nor was it authenticated under the rules of evidence. *See* N.D.R.Ev. 901.

[¶ 51] I would therefore conclude the district court erred in computing Hennessee's income and child support obligation, and remand for findings which are consistent with the guidelines. If Hennessee wishes to obtain a downward modification of her child support obligation, she must provide documentary evidence of her alleged decrease in income. *See Shipley v. Shipley*, 509 N.W.2d 49, 53 (N.D.1993) ("Accurate information about [obligor's] pension was necessary to correctly determine his gross income and net income. Under these circumstances, the trial court should have required the parties to supply that information to determine the exact amount of the clinic's contribution to [his] pension....").

[¶ 52] DALE V. SANDSTROM