# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 16

Michael R. Pomarleau,                     Plaintiff, Appellant, and Cross-Appellee

v.

Tanya M. Pomarleau,                      Defendant, Appellee, and Cross-Appellant

and

State of North Dakota,                               Statutory Real Party in Interest

## No. 20210083

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED IN PART, REVERSED IN PART.

Opinion of the Court by Jensen, Chief Justice.

Rodney E. Pagel, Bismarck, ND, for plaintiff, appellant, and cross-appellee.

Amanda J. Welder, Bismarck, ND, for defendant, appellee, and cross-appellant.

**Jensen, Chief Justice.**

[¶1]   Michael Pomarleau appeals from a divorce judgment and amended divorce judgment. On appeal, Michael Pomarleau challenges the calculation of Tanya Pomarleau's income for child support obligations, the allocation of child tax credits, allowing an off-set to Tanya Pomarleau's equity payment, and the valuation of various items of property. Tanya Pomarleau cross-appeals, arguing the district court erred in failing to make an adjustment to the net marital estate for expenses incurred by the parties during their separation and in calculating the royalty payments received by the parties during the separation. We affirm in part, concluding the district court did not err in distribution, accounting, and valuation of the net marital estate, or in its allocation of the child tax credits. We reverse in part, concluding Michael Pomarleau's income was overstated and Tanya Pomarleau's income was understated, and reverse and remand for recalculation of the parties' income for child support purposes consistent with this opinion.

I

[¶2]   Michael Pomarleau and Tanya Pomarleau were married in 1999 and have three children. In June 2018, the parties separated. In December 2020, following a trial, the district court entered a memorandum and order in which it calculated the parties' child support obligations, distributed the parties' property, and ordered Tanya Pomarleau to make an equity payment to Michael Pomarleau to equalize the property distributions. The equity payment was off-set by the health insurance costs Tanya Pomarleau incurred for the children and Michael Pomarleau while the divorce was pending.

[¶3]   Both parties challenged provisions of the memorandum and order. Michael Pomarleau challenged the calculation of Tanya Pomarleau's income for child support purposes and the valuation of the parties' assets. Tanya Pomarleau challenged the calculation of Michael Pomarleau's income for child support purposes and the valuation of the oil royalties on mineral interests

since the time of the parties' separation. In January 2021, the district court entered judgment consistent with the memorandum and order. Michael Pomarleau appealed, and Tanya Pomarleau cross-appealed.

[¶4] This Court remanded to allow the court to resolve the parties' post-judgment motions. The court concluded that Tanya Pomarleau had valid reasons to change jobs and reduce her income, and found it was appropriate to use her current income rather than her previous, higher salary to calculate her child support obligation. The court calculated her income the same as in the January 2021 judgment. The amended judgment was entered in July 2021, and Michael Pomarleau filed a supplemental appeal.

[¶5] On appeal, Michael Pomarleau raises several arguments. He argues the district court erred in calculating Tanya Pomarleau's income, asserting the court should have found she voluntarily reduced her income and used her previous, higher income to calculate her child support obligation. He further argues that the court overstated his income and understated Tanya Pomarleau's income by failing to evenly split the royalty income between the parties in the calculation of the parties' incomes. He asserts the court erred in allocating the child tax credits and valuing items of property, including the marital home, business assets, personal property, financial assets, and debts. He also challenges the off-set of Tanya Pomarleau's equity payment to him by the health insurance premiums she incurred for him and the children during the divorce proceedings.

[¶6] On her cross-appeal, Tanya Pomarleau asserts two errors. First, she argues the district court erred in failing to make an adjustment to the net marital estate or otherwise order reimbursement from one party to another for expenses incurred during the divorce proceedings. Second, she argues the court erroneously calculated the royalty payments received by the parties during the divorce proceedings.

II

[¶7] Michael Pomarleau challenges the district court's calculation of Tanya Pomarleau's income for child support purposes. He argues that Tanya

2

Pomarleau voluntarily reduced her income, and accordingly, her past, higher income should be utilized, or alternatively, her income should be averaged to account for fluctuations. Michael Pomarleau also argues that the court's failure to allocate the parties' royalty income results in an overstatement of his income and an understatement of Tanya Pomarleau's income.

[¶8]   When reviewing a district court's calculation of child support, we utilized a mixed standard of review:

> Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made.

*Eubanks v. Fisketjon*, 2021 ND 124, ¶ 6, 962 N.W.2d 427 (quoting *Gooss v. Gooss*, 2020 ND 233, ¶ 14, 951 N.W.2d 247) (internal quotations and citations omitted). "The failure to properly apply the child support guidelines to the facts involves an error of law." *Gooss*, 2020 ND 233, ¶ 15 (quoting references omitted). "A district court must clearly set forth how it arrived at the amount of income and the level of support." *Id.* (quoting references and internal quotations omitted).

A

[¶9]   We first consider whether the district court erred in finding that Tanya Pomarleau had valid reasons to change employment, resulting in a lower income, and basing her child support income on her current lower income.

[¶10] The North Dakota Administrative Code defines "gross income" and "net income," and the North Dakota Century Code defines "income." *See* N.D. Admin. Code §§ 75-02-04.1-01(4) and 75-02-04.1-01(6), and N.D.C.C. § 14-09-09.10(9). The Administrative Code provides that if an obligor makes a voluntary change in employment—a voluntary change being one taken with

3

the purpose of reducing their child support obligation—the court may impute the obligor's income. N.D. Admin. Code § 75-02-04.1-07(7). *See Logan v. Bush*, 2000 ND 203, ¶ 14, 621 N.W.2d 314 ("When a court *may* do something, it is not mandatory but is generally a matter within the court's discretion. Thus, the court may consider the reasons for the obligor's change of employment when exercising its discretion in determining whether to impute income under N.D. Admin. Code § 75-02-04.1-07(9)." (internal citation omitted)).

[¶11] Here, the district court explained how it arrived at its calculation for Tanya Pomarleau's child support obligation. In the original memorandum and order, the court found Tanya Pomarleau's income decreased as a result of switching from commission-based employment to salaried employment. It then based her child support obligation on her current monthly salary. The court confirmed this finding in its order for the amended judgment, finding:

> Tanya's higher earning years required her to work long hours for commission earnings in an uncertain market. During that time, she had a spouse with a good income to pay expenses if her commissions were lacking and to assist with child care and other family matters. As a single parent, Tanya testified that she wanted employment which provided her with a guaranteed salary so that she was no longer entirely dependent upon commissions and which also gave her more time to be with the children. She continues to earn a good income and an income comparable to the income earned by Michael. The court finds these to be legitimate reasons for Tanya to change employment and not an intentional reduction of income to minimize her child support obligation.

It again based Tanya Pomarleau's child support obligation on her current $126,000 salary. While the district court had the discretion to calculate Tanya Pomarleau's child support obligation on her previous, higher income, it was not mandatory to do so. We conclude the court complied with the N.D. Admin. Code and Century Code when using Tanya Pomarleau's current income in calculating her child support obligation, there is evidence in the record to support the finding, and, after a review of the entire record, we are not left with a definite and firm conviction a mistake has been made.

4

## B

[¶12] We next consider whether the district court erred in failing to allocate the parties' royalty income, resulting in an overstatement of Michael Pomarleau's income and understatement of Tanya Pomarleau's income.

[¶13] Prior to trial, Michael Pomarleau stipulated to his income. His stipulated income included an assumption he would be receiving all of the parties' royalty income in the future. If Michael Pomarleau had challenged only the overstatement of his income, we would have likely considered the issue waived and declined to address the issue. However, Michael Pomarleau challenges both the overstatement of his income and the understatement of Tanya Pomarleau's income. Because the latter issue is appropriate for review on appeal, and the two issues are so intertwined as to be inseparable, both issues will be resolved on appeal.

[¶14] During the divorce proceedings, Michael Pomarleau reported on his tax return all of the royalty income received in the interim separation period. As part of the property distribution, the district court ordered the income from the oil royalties be split evenly between Michael Pomarleau and Tanya Pomarleau for both the time during the separation period and permanently into the future. The court did not include Tanya Pomarleau's share of the royalty income when calculating her gross income for her child support obligation. Additionally, the court continued to include within Michael Pomarleau's gross income both his share of the royalty income and Tanya Pomarleau's share of the royalty income. The result is both an understatement of Tanya Pomarleau's gross income in the amount of her share of the royalty income and an overstatement of Michael Pomarleau's gross income by the same amount. We accordingly reverse and remand for proper accounting of the royalty income.

## III

[¶15] Michael Pomarleau argues the district court erred in allocating the child tax credits among the parties for certain years. We review the allocation of child tax credit under a clearly erroneous standard of review. *See Lukenbill v. Fettig*, 2001 ND 47, ¶ 13, 623 N.W.2d 7, citing *Mahoney v. Mahoney*, 1997 ND

149, ¶ 21, 567 N.W.2d 206 (reviewing a district court's allocation of income tax dependency credits subject to the clearly erroneous standard of review). The court's allocation of the child tax credits was not induced by an erroneous view of the law, there is evidence in the record to support the allocation, and, on the entire record, we are not left with a definite and firm conviction that a mistake has been made. We affirm the allocation of the child tax credits.

IV

[¶16] Michael Pomarleau raises numerous issues challenging the district court's valuation, accounting for, and allocation of the parties' assets and liabilities. Tanya Pomarleau's issues on appeal also challenge the court's valuation, accounting for, and allocation of the parties' assets and liabilities.

[¶17] "A district court's property distribution will not be reversed unless the court's findings are clearly erroneous." *Willprecht v. Willprecht*, 2020 ND 77, ¶ 19, 941 N.W.2d 556 (citing reference omitted). We have consistently held that:

> "[A] trial court must start with a presumption that all property held by either party whether held jointly or individually is to be considered marital property." *Ulsaker v. White*, 2006 ND 133, ¶ 13, 717 N.W.2d 567. "The trial court must then determine the total value of the marital estate in order to make an equitable division of property." *Id.* "After a fair evaluation of the property is made, the entire marital estate must then be equitably divided between the parties under the *Ruff-Fischer* guidelines." *Id.*

*Schultz v. Schultz*, 2018 ND 259, ¶ 24, 920 N.W.2d 483. Furthermore:

> A choice between two permissible views of the evidence is not clearly erroneous if the [district] court's findings are based either on physical or documentary evidence, or inferences from other facts, or on credibility determinations." *Hoverson v. Hoverson*, 2001 ND 124, ¶ 13, 629 N.W.2d 573. The value a district court places on marital property depends on the evidence presented by the parties. *Fox v. Fox*, 2001 ND 88, ¶ 22, 626 N.W.2d 660. This Court presumes a trial court's property valuations are correct. *See Hoverson*, at ¶ 13.

*Schultz*, 2018 ND 259, ¶ 14.

[¶18] The parties raised several challenges to the district court's valuation of assets. Michael Pomarleau challenges the value of the family home, the value of fixed assets within American Land Services, the value of certain debt split evenly between the parties by the court, and the collective valuation of the parties' respective personal property. He also asserts the value of a mobile home was double counted. Tanya Pomarleau challenges the amount of oil royalty income received during the proceedings. The court was presented with significantly different valuations of the net marital estate.

[¶19] Michael Pomarleau valued the net marital estate at $735,900, while Tanya Pomarleau valued the net marital estate at $1,506,441. Within their valuations, both parties assigned disparate valuations to many different items of property, including personal property, business assets, and other financial assets. The district court was left with conflicting information from which to assign values. For example, as to valuation of the parties' personal property, the court noted:

> The limited information provided to the court regarding the inventory, condition and value of the parties [sic] personal property makes it extremely difficult for the court to accurately determine values for the home furnishings.

A second example is with regard to Michael Pomarleau's argument the value of a mobile home was double counted. His argument would have required the court to ignore financial statements provided by the parties. Any "double counting" is attributable to deficient or conflicting evidence provided to the court, not an error by the court.

[¶20] In distributing the parties' property, the district court explained its findings and rationale for its valuation of assets. With regard to these issues the court made a choice between two permissible views of the evidence, were within the range of evidence presented by the parties to the court, and we conclude the findings were not clearly erroneous.

[¶21] The parties made several challenges to the accounting for certain assets and liabilities. Michael Pomarleau challenges the failure to recognize certain business liability accounts, the inclusion in the marital estate of a "gentleman's ring" or allocation of the entire value to Tanya Pomarleau, the inclusion of gold and silver in the marital estate or allocation of the entire value to Tanya Pomarleau, the failure to include cash withdrawals from bank accounts made by Tanya Pomarleau immediately before the divorce, and the failure to include credit card debt satisfied before the separation.

[¶22] While the issues identified in the prior paragraph are not valuation issues requiring a choice between two different valuations, the issues are still questions of fact. For example, whether the "gentlemen's ring," gold, and silver were marital assets or in Michael Pomarleau's possession for safekeeping at the request of a family member is a question of fact, as is whether Tanya Pomarleau improperly withdrew funds from bank accounts prior to the divorce proceedings. Similarly, the issues related to cash withdrawals and credit card debts whether an off-set against Tanya Pomarleau's equity payment should be allowed for health insurance premiums she paid during the divorce proceedings, and whether Tanya Pomarleau's equity payment should be off-set by child care expenses she incurred during the proceedings, are questions of fact. We conclude these findings were not induced by an erroneous view of the law, there is evidence in the record to support these findings, and we are not left with a definite and firm conviction the findings were wrong.

[¶23] The remaining assertion of error is the failure to consider certain business accounts payable. Even if we were to assume Michael Pomarleau would be entirely successful regarding this argument, the net change to the court ordered equity payment would be limited to approximately $6,200.

[¶24] We review the record and the findings as a whole:

> Appellate courts review the record and findings as a whole and if the controlling findings are supported by the evidence, they will be upheld on appeal notwithstanding immaterial misstatements in the lower court's decision. *See Hawkins v. Williams*, 314 P.3d 1202, 1206 (Alaska 2013); *Cathedral Green, Inc. v. Hughes*, 174

8

Conn.App. 608, 166 A.3d 873, 880 (2017); *In re P.S.*, 330 Mont. 239, 127 P.3d 451, 457 (2006); *cf. Ludwig v. Burchill*, 514 N.W.2d 674, 677 (N.D. 1994) (nonsubstantive misstatements in a district court decision do not render the court's findings clearly erroneous). After reviewing the record and the district court's findings and conclusions in their entirety, we are not persuaded the court misapplied the law. The court, in its conclusions, expressly rejected Elyse's assertion "she had the full right and authority to shut down the [reinsurance] business on her terms . . . ." The court also expressly found Elyse's actions associated with winding up Limited's business was a breach of fiduciary duty. When the court's findings are reviewed as a whole, we conclude the district court did not misapply the law.

*Puklich v. Puklich*, 2019 ND 154, ¶ 45, 930 N.W.2d 593.

[¶25] The findings of the district court are not perfect. However, in considering the court's findings regarding the value of the parties' marital estate and equitable distribution of the marital estate as a whole, we conclude the findings as a whole were not induced by an erroneous view of the law, there is evidence in the record to support the findings, and we are not left with a definite and firm conviction that a mistake has been made with regard to the equitable division of the parties' marital estate. The court's findings with respect to the allocation of the parties' assets and liabilities, as challenged by both parties, is affirmed.

V

[¶26] We conclude the district court did not err in its distribution, accounting, and valuation of the net marital estate, or in its allocation of the child tax credits. We affirm the district court's distribution of the net marital estate. However, we conclude the royalty income was overstated on Michael Pomarleau's income and understated on Tanya Pomarleau's income, and accordingly reverse and remand for recalculation of the parties' income for child support purposes.

[¶27] Jon J. Jensen, C.J.
Gerald W. VandeWalle

Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte