**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**MAY 12, 2022**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 99

April Updike,

Plaintiff, Appellee, and Cross-Appellant

v.

Bryon Updike,

Defendant, Appellant, and Cross-Appellee

and

State of North Dakota,

Statutory Real Party in Interest

## No. 20210265

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable John W. Grinsteiner, Judge.

AFFIRMED AS MODIFIED.

Opinion of the Court by McEvers, Justice.

Heather M. Krumm, Mandan, ND, for plaintiff, appellee, and cross-appellant; submitted on brief.

Elise A. Fischer (argued) and Theresa L. Kellington (on brief), Bismarck, ND, for defendant, appellant, and cross-appellee.

**McEvers, Justice.**

[¶1]   Bryon Updike appeals from a divorce judgment.  He argues the district court erred when it calculated child support and when it distributed the parties' assets and debts.  April Updike cross appeals arguing the court erred when it failed to include a commencement date for the child support obligation. We hold the court did not err when it imputed income to Bryon Updike for purposes of child support and the court's property and debt distribution is not clearly erroneous.   We modify the judgment to include a child support commencement date that the parties have agreed to on appeal, and we affirm the judgment as modified.

I

[¶2]   The parties were married in 2005.  April Updike sued for divorce after they separated in 2019.  April Updike was 39 years old at the time of trial.  She did not work outside the home during the parties' marriage.   After the separation, she began employment in the retail industry.  She works part-time earning approximately $16 an hour.  Bryon Updike was 42 years old at the time of trial, and he was living in Gillette, Wyoming.  He previously worked as a consultant in the oil and gas industry.  He testified he was laid off and works at a parts store earning $16 an hour.  The parties have one minor child.  They agreed April Updike would have primary residential responsibility of the child.

[¶3]   The district court held a trial on the issues of child support and property and debt division.  The court found Bryon Updike is underemployed and imputed income of $246,864 resulting in a $2,308 monthly child support obligation.  The court entered an order dividing the parties' property and debts and awarding child support to April Updike.   Neither the order nor the judgment set a commencement date for the child support obligation.   On appeal, the parties have agreed the child support obligation should commence as of April 2020.

[¶4]   Bryon Updike argues the district court erred when it imputed income to him for purposes of child support.

[¶5]   We apply a mixed standard of review for child support determinations:

> Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made.

*Schrodt v. Schrodt*, 2022 ND 64, ¶ 19, 971 N.W.2d 861 (internal quotation marks and citations omitted) (quoting *Eubanks v. Fisketjon*, 2021 ND 124, ¶ 6, 962 N.W.2d 427).

[¶6]   Section 75-02-04.1-07(3), N.D. Admin. Code, applies when an obligor is unemployed or underemployed.  It states:

> gross income based on earning capacity equal to the greatest of subdivisions a through c, less actual gross earnings, must be imputed to an obligor who is unemployed or underemployed.
>
>       a. A monthly amount equal to one hundred sixty-seven times the hourly federal minimum wage.
>
>       b. An amount equal to six-tenths of this state's statewide average earnings for persons with similar work history and occupational qualifications.
>
>       c. An amount equal to ninety percent of the obligor's greatest average gross monthly earnings, in any twelve consecutive months included in the current calendar year and the two previous calendar years before commencement of the proceeding before the court, for which reliable evidence is provided.

"The subdivision resulting in the greatest imputed income must be used." *Schrodt*, 2022 ND 64, ¶ 25 (quoting *McClure v. McClure*, 2003 ND 130, ¶ 8, 667 N.W.2d 575).

[¶7] The Administrative Code provides an exception requiring imputation based on § 75-02-04.1-07(3)(a), the federal minimum wage, when:

> [A]n unemployed or underemployed obligor shows that employment opportunities, which would provide earnings at least equal to the lesser of the amounts determined under subdivision b or c of subsection 3, are unavailable within one hundred miles [160.93 kilometers] of the obligor's actual place of residence . . . .

N.D. Admin. Code § 75-02-04.1-07(5). The exception applies in two situations. It applies when the obligor shows jobs that would allow him or her to earn an amount equal to six-tenths of the statewide average for people with similar work history and occupational qualifications are unavailable. *See* N.D. Admin. Code § 75-02-04.1-07(3)(b). It also applies when the obligor shows the unavailability of jobs that would allow him or her to earn 90% of his or her greatest consecutive twelve month period within the last two years. *See* N.D. Admin. Code § 75-02-04.1-07(3)(c). The burden is on the obligor to establish this exception applies. *Verhey v. McKenzie*, 2009 ND 35, ¶ 11, 763 N.W.2d 113.

[¶8] Bryon Updike submitted a proposed calculation based on his current annual income of $31,200. April Updike submitted two proposed calculations. The first imputed 90% of Bryon Updike's annual income based on his highest 12 month consecutive earnings within the past three years, totaling $246,864. The second imputed 100% of the same income, totaling $274,292. The first calculation was based on the general rules for imputing income under N.D. Admin. Code § 75-02-04.1-07(3). The second calculation required a finding that Bryon Updike failed to provide reliable income information under § 75-02-04.1-07(6). The court adopted April Updike's first calculation and imputed $246,864 in income resulting in a $2,308 monthly obligation.

[¶9] Bryon Updike asserts the district court erred when it did not apply the N.D. Admin. Code § 75-02-04.1-07(5) exception for situations where similar employment is unavailable. He argues imputing income to him based on his

3

previous earnings was improper because locating oilfield work is impossible. He claims that given the "significant downturn" in the oil and gas industry there are "no longer jobs with the oil fields that existed before."

[¶10] Bryon Updike claims *Rathbun v. Rathbun* supports his position. 2017 ND 24, 889 N.W.2d 855. In that case, an ex-husband lost his job as an oil field consultant and was unable to find other employment. *Id.* at ¶ 3. He moved for recalculation of child support. *Id.* The district court denied his request. *Id.* at ¶ 4. On appeal, this Court noted Rathbun testified that he had applied, unsuccessfully, to 61 positions paying between $12 and $15 an hour. *Id.* at ¶ 9. Noting the district court did not take this evidence into account, we held the exception now set out at N.D. Admin. Code § 75-02-04.1-07(5) applied. *Id.* at ¶¶ 8-9.

[¶11] Unlike *Rathbun*, there is no evidence detailing the number of jobs Bryon Updike has formally applied to or the pay ranges for those jobs. The fact that he has accepted a job paying $16 an hour outside the oil and gas industry does not establish that higher paying jobs for someone with his work history and qualifications are unavailable. The N.D. Admin. Code § 75-02-04.1-07(5) exception requires more than a showing that an obligor cannot obtain employment in the same industry he or she previously worked. *See Verhey*, 2009 ND 35, ¶ 13 (merely showing loss of medical license was not sufficient to establish the exception applied). Because Bryon Updike did not submit evidence regarding the average income he could earn in and around his community based on his work history and occupational qualifications, we hold the district court did not err when it calculated child support based on imputed income under N.D. Admin. Code § 75-02-04.1-07(3)(c).

### III

[¶12] Bryon Updike asserts the district court erred when it divided the parties' property and debts.

[¶13] Under N.D.C.C. § 14-05-24(1) the district court must make an equitable distribution of the parties' property and debts. The court must determine the total value of the marital estate and then consider the *Ruff-Fischer* guidelines

to arrive at an equitable distribution. *Willprecht v. Willprecht*, 2020 ND 77, ¶ 19, 941 N.W.2d 556. The *Ruff-Fisher* guidelines include the following factors:

> [T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Iakel-Garcia v. Anderson*, 2021 ND 210, ¶ 12, 966 N.W.2d 892 (quoting *Lee v. Lee*, 2019 ND 142, ¶ 12, 927 N.W.2d 104). A district court's debt and asset distribution is reviewed as a finding of fact under the clearly erroneous standard. *Iakel-Garcia*, at ¶ 11.

> A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence the reviewing court is left with a definite and firm conviction a mistake has been made. A [district] court's findings of fact are presumptively correct, and we view the evidence in the light most favorable to the findings.

*Id.* (quoting *Lorenz v. Lorenz*, 2007 ND 49, ¶ 5, 729 N.W.2d 692).

[¶14] Bryon Updike asserts the district court erred when it awarded April Updike the full proceeds from the sale of the marital home, which amounted to roughly $31,000. He claims the proceeds should have been split equally between the parties, the court did not adequately analyze the *Ruff-Fischer* factors, it did not articulate its rationale, and its decision is not supported by the evidence. We disagree.

[¶15] The district court found April Updike was a stay-at-home mother during the marriage and at the time of trial was working at an entry-level position. The court further found that April Updike's earning ability was unlikely to change without further education or training, while Bryon Updike had a greater earning ability than he was making at the time of trial. The court

found both parties had to take out loans to make ends meet. The court explained it awarded April Updike the home sale proceeds based on her limited earning capacity and taking into consideration there would be no award of spousal support based on Bryon Updike's inability to pay. Based on our review of the record, we conclude the district court adequately analyzed the *Ruff-Fischer* factors, explained why the division of property is equitable, and its decision is supported by the evidence and not clearly erroneous.

IV

[¶16] We have considered the parties' remaining arguments and conclude they are either without merit or unnecessary to our decision.

V

[¶17] We modify the judgment to include the parties' agreed-upon child support commencement date of April 1, 2020. The judgment is affirmed as modified.

[¶18] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte