# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 240

Jennifer Michelle Williams,                                      Plaintiff and Appellee

v.

Aron Lyle Williams,                                             Defendant and Appellant

and

State of North Dakota,                              Statutory Real Party in Interest

### No. 20230201

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Reid A. Brady, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Jennifer M. Williams, Fargo, ND, plaintiff and appellee; submitted on brief.

Victoria C. Hicks (argued) and Leslie J. Aldrich (on brief), Fargo, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Aron Williams appeals from a third amended judgment modifying his child support obligation, arguing the district court erred in calculating his income for child support purposes by improperly categorizing him as a "farm manager" and imputing income based on that designation. We hold the court did not clearly err when it imputed the North Dakota statewide average income of a farmer to Aron Williams for purposes of child support. Aron Williams also argues that the court erred with respect to its decisions on evidentiary matters and awarding attorney's fees to Jennifer Williams. We conclude the court did not abuse its discretion in denying Aron Williams's motion to reopen the record or in awarding attorney's fees. We affirm.

I

[¶2]   Aron Williams and Jennifer Williams have two children together and divorced in February 2018. Jennifer Williams was awarded primary residential responsibility of the children. Aron Williams was ordered to pay child support based on his classification as an experienced farmer with an imputed gross annual income of $97,164. In July 2019, Aron Williams moved to modify child support. The district court found Aron Williams was employed as a farm laborer earning $38,260 as gross annual income and received in-kind annual income of $11,220. The court ordered a modified child support obligation and entered the first amended judgment. The court later entered a second amended judgment modifying parenting time which was affirmed on appeal. *See Williams v. Williams*, 2021 ND 134, 962 N.W.2d 601.

[¶3]   In June 2022, Jennifer Williams moved to modify the second amended judgment, seeking modification of parenting time provisions, increased child support, and for contempt for violating the judgment. The district court scheduled a hearing on the motion for September 2022. Prior to the hearing, a discovery dispute arose between the parties. Jennifer Williams moved to compel discovery and to continue the child support modification hearing until

Aron Williams provided the requested discovery responses. The court granted Jennifer Williams's motion on the issues of parenting time and contempt, and continued the child support issue.

[¶4] In November 2022, the district court held a hearing on Jennifer Williams's motion to compel. The court granted Jennifer Williams's motion to compel, finding Aron Williams failed to answer or respond to discovery requests by providing evasive or incomplete answers or responses, and such conduct was not substantially justified. The court ordered Aron Williams to pay $4,185 to Jennifer Williams for her reasonable expenses incurred in bringing the motion to compel.

[¶5] A hearing on the child support issue was held in February 2023. Jennifer Williams, Aron Williams, and Aron Williams's father, Lyle Williams, testified at the hearing. After the child support hearing, Aron Williams moved to reopen the record, arguing it was necessary to clarify Lyle Williams's testimony at the evidentiary hearing and to submit additional exhibits. Jennifer Williams opposed the motion. The district court denied the motion to reopen the record, finding Aron Williams failed to show a sufficient basis for reopening the evidentiary record.

[¶6] The district court found Aron Williams failed to provide reliable information regarding his earning income, particularly his in-kind income. The court found Aron Williams received significant in-kind income from his family and determined his total in-kind annual income was at least $52,627.88. The court also found information about Aron Williams's income could not be reasonably obtained from sources other than him, and his family members who employed him were not willing to provide such information. Because reliable information was not available to determine his income, the court determined his income must be imputed under N.D. Amin. Code § 75-02-04.1-07(6)(b).

[¶7] To determine Aron Williams's gross annual income, the district court compared his job duties to the descriptions of "Farmers, Ranchers, and Other Agricultural Managers" and "Farm Laborers or Farm Workers" in the 2021 Employment and Wages by Occupation report published by Job Service of

2

North Dakota ("Job Service report"). The court found Aron Williams was a farmer based on Aron Williams's past farming experience, active participation in major farming activities, and help coordinating the operation of his parent's and extended family's farming operation. The court also found Aron Williams did not perform the duties of a farm laborer or farm worker listed in the Job Service report. Based on the statewide average annual earnings of a farmer in North Dakota, the court imputed income of $107,300, resulting in a $1,842 monthly child support obligation after deductions.

[¶8]   The district court entered the order for third amended judgment and the third amended judgment in April 2023. Aron Williams timely appeals.

## II

[¶9]   Aron Williams argues the district court erred in denying his motion to reopen the record to clarify Lyle Williams's testimony about his lack of ability to perform the duties of a farmer and for him to present additional evidence relating to the pay and qualifications of a farmer in North Dakota.

[¶10] Reopening the record is an evidentiary issue subject to the abuse of discretion standard. *See Innis-Smith v. Smith*, 2018 ND 34, ¶ 13, 905 N.W.2d 914 ("District courts have broad discretion in allowing or refusing to allow a party, after having rested, to reopen the record to introduce additional evidence."). "A court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned decision." *Id.*

[¶11] The district court concluded the record did not need to be reopened to include this additional evidence because Lyle Williams had already answered specific questions about Aron Williams's duties involving farm management, and the additional evidence was largely irrelevant. The court found Aron Williams had ample time to prepare his witness and present evidence of his job qualifications. Aron Williams does not argue that the proffered evidence could not have been presented at the time of the evidentiary hearing. *See Vandal v. Leno*, 2014 ND 45, ¶¶ 26-29, 843 N.W.2d 313 (concluding the district court did

3

not err when it denied the motion to reopen the record because the evidence sought to be included could have been obtained earlier).

[¶12] Under the circumstances of this case, the district court's findings are not arbitrary, unconscionable, or unreasonable, nor did the court misinterpret or misapply the law in determining that reopening the record was not justified. We conclude the court did not abuse its discretion in denying Aron Williams's motion to reopen the record.

## III

[¶13] Aron Williams argues the district court erred in calculating his income to determine his child support obligation.

[¶14] Our standard of review for child support decisions is well established:

> Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made.

*Updike v. Updike*, 2022 ND 99, ¶ 5, 974 N.W.2d 360 (quoting *Schrodt v. Schrodt*, 2022 ND 64, ¶ 19, 971 N.W.2d 861). "The amount of child support calculated under the guidelines is rebuttably presumed to be the correct amount of child support in all child support determinations." *Thompson v. Johnson*, 2018 ND 142, ¶ 9, 912 N.W.2d 315 (quotations omitted).

[¶15] Chapter 75-02-04.1, N.D. Admin. Code, governs child support determinations. *Thompson*, 2018 ND 142, ¶ 9. The district court must have sufficient reliable information relating to the obligor's income in order to arrive at a proper child support calculation. *Schurmann v. Schurmann*, 2016 ND 69, ¶ 20, 877 N.W.2d 20 (noting a district court cannot rely on inaccurate or incomplete information to arrive at a child support calculation); N.D. Admin. Code § 75-02-04.1-02(7) ("Income must be sufficiently documented through the

4

use of tax returns, current wage statements, and other information to fully apprise the court of all gross income."). If the obligor fails to provide reliable information regarding his gross income from earnings, and that information cannot be reasonably obtained from other sources, income must be imputed. N.D. Admin. Code § 75-02-04.1-07(6).

[¶16] Gross income includes salaries, wages, overtime wages, and income imputed based upon earning capacity. N.D. Admin. Code § 75-02-04.1-01(4)(b). "'Earnings' includes in-kind income and amounts received in lieu of actual earnings, such as social security benefits, workers' compensation wage replacement benefits, unemployment insurance benefits, veterans' benefits, and earned income tax credits . . . ." N.D. Admin. Code § 75-02-04.1-07(1)(a).

A

[¶17] Aron Williams argues the district court erred in considering his in-kind income and improperly relied on incredible testimony.

[¶18] In the order imputing income to Aron Williams, the district court made findings with respect to his total gross income from earnings, including his wage-related farming income and in-kind income. The court considered in-kind income, but found Aron Williams was not credible and the evidence presented by Jennifer Williams on in-kind income for his housing was not sufficient proof to determine his in-kind income for housing. This Court does not reweigh the evidence or reassess a witness's credibility on appeal. *Eberle v. Eberle*, 2009 ND 107, ¶ 26, 766 N.W.2d 477. The purpose of the district court's finding on the amount of in-kind income was only to determine whether Aron Williams's total earned income of his wages and the proven in-kind income exceeded the income of a farmer. The court noted, "[H]is total earned income (wages plus in-kind income) is lower than $107,300.00."

[¶19] Aron Williams does not challenge the district court's finding that he failed to provide reliable information about his gross income, specifically his earned income reflected on his tax returns. Aron Williams only challenges the court's finding on his in-kind income.

5

[¶20] The district court was required to consider the value of any in-kind income when determining an obligor's gross income for purposes of calculating child support. *See Schurmann*, 2016 ND 69, ¶ 21; N.D. Admin. Code § 75-02-04.1-01(5) (defining "in-kind income"). Here, the court found Aron Williams did not provide reliable information regarding his earned and in-kind income.

[¶21] We conclude the district court did not misapply the law in considering Aron Williams's in-kind income. We need not consider whether the court's finding of total in-kind income is clearly erroneous because the issue is moot; the court did not rely on the in-kind income to determine his gross income.

B

[¶22] Aron Williams argues the district court erred in relying on the North Dakota Job Service information because it was not a reliable source.

[¶23] If the obligor fails to provide sufficient reliable information for determining his income, district courts must look to a source demonstrating statewide average earnings to determine the obligor's income for child support calculations. *See Edison v. Edison*, 2023 ND 141, ¶ 40, 994 N.W.2d 151 (citing *Schurmann*, 2016 ND 69, ¶¶ 21, 22; *Schrodt*, 2022 ND 64, ¶ 24) ("District courts must refer to a source demonstrating the average earnings for the entire state of North Dakota; evidence of average earnings for a different geographic area is insufficient. The statewide average earning reports published by Job Service of North Dakota are sufficient.").

[¶24] Here, the district court relied on the Job Service report, which details North Dakota's statewide average earnings. Aron Williams argues the court erred in relying on the Job Service report because it contains inaccurate information and, therefore, is an unreliable source to determine statewide average earnings.

[¶25] At the evidentiary hearing, Aron Williams offered into evidence the Job Service report, which the district court accepted into evidence. The exhibit included "farmers" within the "Management and Occupations" group and

6

"farm laborers" within the "Farming, Fishing, and Forestry Occupations" group and described the duties associated with each position.

[¶26] By offering the Job Service report into evidence to the district court without challenging its validity, Aron Williams waived the argument about its reliability. *See Reinecke v. Griffeth*, 533 N.W.2d 695, 702 (N.D. 1995) (concluding appellant's failure to object to the use of financial documents he provided to the district court or challenge their validity prior to the appeal waived his evidentiary challenges). We conclude Aron Williams waived any argument related to the accuracy of the Job Service report and, therefore, decline to further address the issue.

C

[¶27] Aron Williams argues the district court erred in categorizing him as a farmer because he lacked the qualifications for that position and the testimony provided showed "farm laborer" was a more applicable job title.

[¶28] The Job Service report describes the job duties of "Farmers, Ranchers, and Other Agricultural Managers" as follows:

> Plan, direct, or coordinate the management or operation of farms, ranches, greenhouses, aquacultural operations, nurseries, timber tracts, or other agricultural establishments. May hire, train, and supervise farm workers or contract for services to carry out the day-to-day activities of the managed operation. May engage in or supervise planting, cultivating, harvesting, and financial and marketing activities.

The Job Service report describes the job duties of "Farmworkers and Laborers, Crop, Nursery, and Greenhouse" as:

> Manually plant, cultivate, and harvest vegetables, fruits, nuts, horticultural specialties, and field crops. Use hand tools, such as shovels, trowels, hoes, tampers, pruning hooks, shears, and knives. Duties may include tilling soil and applying fertilizers; transplanting, weeding, thinning, or pruning crops; applying pesticides; or cleaning, grading, sorting, packing, and loading

7

harvested products. May construct trellises, repair fences and farm buildings, or participate in irrigation activities.

The district court found Aron Williams's experience and duration of farming meant he was "qualified to plan, direct, or coordinate the management or operation of farms; to hire, train, and supervise farm workers; and to engage in or supervise planting, cultivating, harvesting, and financial activities," and no evidence showed he performed the listed duties of a farmworker or laborer.

[¶29] Based on the documents, testimony, and exhibits received, the district court found: Aron Williams had been farming for approximately 20 years when he met Jennifer Williams; he farmed his own land and engaged in a farming operation with his family; and he "seeded, combined, dug, fertilized, and sprayed on Lyle Williams's and other family members' land. No significant part (if any) of Aron's activities involved manually planting, cultivating, or harvesting or using hand tools." The court also found "the most reliable evidence was that they (Lyle, Aron, and other family members) helped each other and the farming operation was a joint endeavor," despite Lyle Williams's assertion that he simply instructed Aron Williams on what to do at the farm. Considering the evidence presented, the court found Aron Williams performed the duties of a farmer.

[¶30] The evidence in the record supports the district court's findings categorizing Aron Williams as a farmer. Therefore, we conclude the court's finding that Aron Williams was employed as a farmer is not clearly erroneous.

D

[¶31] Aron Williams argues the district court erred by imputing income at 100% of the farmer category, relying on N.D. Admin. Code § 75-02-04.1-01(5).

[¶32] Aron Williams's reliance on N.D. Admin. Code § 75-02-04.1-01(5) is misplaced as that provision applies to obligors who are self-employed. While Aron Williams's tax returns reflected some income from self-employment, the majority of his income reflected on his tax returns was from other sources. Aron Williams did not argue to the district court that he was self-employed.

8

[¶33] Under N.D. Admin. Code § 75-02-04.1-07(6) (2022)[1], the district court must impute income when the obligor fails to provide sufficient information to determine gross income, and must apply the method providing the greatest amount:

> If the obligor fails, upon reasonable request made in any proceeding to establish or review a child support obligation, to furnish reliable information concerning the obligor's gross income from earnings, and if that information cannot be reasonably obtained from sources other than the obligor, income must be imputed based on the greatest of:
> > a. A monthly amount equal to one hundred sixty-seven times the hourly federal minimum wage.
> > b. An amount equal to one hundred percent of this state's statewide average earnings for persons with similar work history and occupational qualifications.
> > c. An amount equal to one hundred percent of the obligor's greatest average gross monthly earnings, in any twelve consecutive months included in the current calendar year and the two previous calendar years before commencement of the proceeding before the court, for which reliable evidence is provided.

[¶34] Because Aron Williams failed to provide sufficient reliable information about his income, the district court applied the greatest amount under section 75-02-04.1-07(6), which was "[a]n amount equal to one hundred percent of this state's statewide average earnings for persons with similar work history and occupational qualifications." The state average income for a farmer in North Dakota is $107,300, according to the Job Service report. Based on the imputed income, and after deductions, the court found Aron Williams owed $1,842 per month in child support. The court's calculation of Aron Williams's child support obligation is supported by the record and the court correctly applied the law.

---

[1] Section 75-02-04.1-07(6), N.D. Admin. Code, was amended on July 1, 2023. The pre-July 2023 version quoted here was the applicable guideline at the time of this action.

Therefore, the court did not err in finding Aron Williams owed $1,842 per month in child support.

## IV

[¶35] Aron Williams argues the district court erred by awarding Jennifer Williams $4,185 in attorney's fees. Aron Williams argues he made a good faith effort to comply with discovery requests; specifically, that he had supplemented discovery six times at the time of the third amended judgment, produced a substantial amount of financial information, and complied with interrogatories. Jennifer Williams argues the court did not abuse its discretion in awarding her attorney's fees relating to the motion to compel under N.D.R.Civ.P. 37(a)(5)(A).

[¶36] Whether to award attorney's fees, in conjunction with a discovery violation, is generally within the discretion of the district court, and this Court will not disturb a court's decision unless the court abuses its discretion. *Datz v. Dosch*, 2014 ND 102, ¶ 22, 846 N.W.2d 724. If a motion to compel is granted, the court must require the party that necessitated the motion to pay the other party's reasonable expenses incurred in bringing the motion, unless an exception applies. N.D.R.Civ.P. 37(a)(5)(A).

[¶37] The district court found Jennifer Williams made a good faith effort to resolve the discovery dispute, she had a sufficient basis to bring the motion to compel, and that Aron Williams avoided providing the requested documents. Aron Williams does not argue that an exception to awarding attorney's fees applies. We conclude the court's award of attorney's fees is supported by the record. Therefore, the court did not abuse its discretion in awarding Jennifer Williams attorney's fees.

## V

[¶38] We affirm the third amended judgment, the order denying Aron Williams's motion to reopen the record, and award of attorney's fees.

[¶39] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr