# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 121

Kristina M. Toppenberg,                                    Plaintiff and Appellant

v.

Zach D. Toppenberg,                                       Defendant and Appellee

and

The State of North Dakota,          Statutory Real Party in Interest and Appellee

## No. 20250017

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Benjamen J. Johnson, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Emily M. Ramage, Williston, ND, for plaintiff and appellant; submitted on brief.

Zach D. Toppenberg, Lake Havasu City, AZ, defendant and appellee; submitted on brief.

Justin T. Breitwieser, Special Assistant Attorney General, Bismarck, ND, for statutory real party in interest and appellee; submitted on brief.

# Toppenberg v. Toppenberg
## No. 20250017

**Jensen, Chief Justice.**

[¶1]   Kristina Toppenberg appeals from a district court's order granting Zach Toppenberg's motion to reduce his child support obligation arguing the modification itself was not appropriate. Kristina Toppenberg alternatively argues the court erred in its calculation of the amended child support obligation. We affirm in part, reverse in part, and remand.

I

[¶2]   In September 2021, Zach Toppenberg was ordered to pay child support in the amount of $1,814 a month to Kristina Toppenberg to support the parties' two minor children. The child support calculation was based on a finding that Zach Toppenberg's annual income was $103,200. His employment and income remained consistent from 2021 to 2023. In April 2023, Zach Toppenberg relocated to Arizona to be nearer to his parents and currently works for a construction company earning $21 per hour.

[¶3]   In February 2024, Zach Toppenberg filed a motion to amend his child support obligation. An evidentiary hearing was held in July 2024. Zach Toppenberg provided the district court his 2023 tax return and his last three months' paystubs.

[¶4]   In September 2024, the district court issued its findings of fact, conclusions of law, and order of judgment. The court calculated Zach Toppenberg's gross annual income to be $43,680 by multiplying his hourly wage of $21 by 40 hours a week, assuming he is paid throughout the full 52 weeks a year, and ordered the child support obligation to be amended to require a payment of $875 per month. Kristina Toppenberg timely filed a notice of appeal asserting the court erred in granting the motion and, alternatively, that the court erred in calculating the new child support obligation.

1

## II

[¶5] "Child support determinations involve questions of law, which are fully reviewable, findings of fact subject to the clearly erroneous standard, and in some areas, matters of discretion subject to the abuse of discretion standard." *Bickel v. Bickel*, 2020 ND 212, ¶ 6, 949 N.W.2d 832. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if we have a definite and firm conviction, based on the entire record, that a mistake has been made." *Schwalk v. Schwalk*, 2014 ND 13, ¶ 8, 841 N.W.2d 767. A "court abuses its discretion when it acts in an arbitrary, capricious, or unreasonable manner." *Id*. "A court errs as a matter of law if it does not comply with the requirements of the child support guidelines." *Knudson v. Knudson*, 2018 ND 199, ¶ 24, 916 N.W.2d 793.

## III

[¶6] Kristina Toppenberg argues the district court erred in granting the motion to amend child support because Zach Toppenberg, as the obligor, failed to establish the existing level of support does not conform to the child support guidelines.

[¶7] This Court has explained how a child support order may be amended:

> If the child support order sought to be amended was entered at least one year before the filing of the motion to modify the support obligation, the district court "shall order the amendment of the child support order to conform the amount of child support payment to that required under the child support guidelines, . . . unless the presumption that the correct amount of child support would result from the application of the child support guidelines is rebutted." N.D.C.C. § 14-09-08.4(4). The party seeking modification under N.D.C.C. § 14-09-08.4 has the burden of proving the existing level of support does not conform to the guidelines. *Dupay v. Dupay*, 2010 ND 87, ¶ 7, 782 N.W.2d 42.

*Schwalk*, 2014 ND 13, ¶ 9. "[A]ppropriate and reliable information to support a modification of child support" must be provided by the obligor. *State v. Carrier*, 2025 ND 41, ¶ 9, 17 N.W.3d 577.

2

[¶8]  Section 75-02-04.1-07(7), N.D. Admin. Code, allows for the imputation of income based on earning capacity when the child support obligor is found to have made a voluntary change in employment "for the purpose of reducing the obligor's child support obligation":

> [I]f an obligor makes a voluntary change in employment resulting in reduction of income, monthly gross income equal to one hundred percent of the obligor's greatest average monthly earnings, in any twelve consecutive months included in the current calendar year and the two previous calendar years, for which reliable evidence is provided, less actual monthly gross earnings, may be imputed without a showing that the obligor is unemployed or underemployed. For purposes of this subsection, a voluntary change in employment is a change made for the purpose of reducing the obligor's child support obligation and may include becoming unemployed, taking into consideration the obligor's standard of living, work history, education, literacy, health, age, criminal record, barriers to employment, record of seeking employment, stated reason for change in employment, likely employment status if the family before the court were intact, and any other relevant factors. The burden of proof is on the obligor to show that the change in employment was not made for the purpose of reducing the obligor's child support obligation.

[¶9]  In *Schwalk v. Schwalk*, the obligor sought to reduce their child support obligation because the obligor had moved out of state and took a new job which provided less compensation. 2014 ND 13, ¶ 4. In *Schwalk*, we concluded the obligor failed to "present evidence establishing that his change in employment was not for the purpose of reducing his child support obligation." *Id.* ¶ 18.

> [Obligor] only stated that he no longer works at his previous place of employment and that he moved to Montana to be with his wife after his previous employment ended. He did not present any other evidence about his motive and why he changed his employment. Furthermore, [obligor] did not present any evidence about any of the factors the court is to consider. [Obligor] did not request and schedule an evidentiary hearing and he continues to claim a hearing was not necessary. Although a hearing is not required by law to modify a child support obligation, a hearing may have been

3

necessary for [obligor] to meet his burden of proof and present sufficient evidence about his motive for the change in his employment.

> . . . .

> Because the district court found there was a voluntary change of employment, [obligor]'s income could be imputed at the average of his twelve highest consecutive monthly earnings beginning twenty-four months prior to the current proceedings. [Obligor] did not present any evidence about his income over the twenty-four months prior to the current proceedings. [Obligor] had the burden to prove his support obligation did not conform to the guidelines and he failed to present sufficient evidence to meet his burden of proof. The court properly found modification was not supported by the law and by evidence. We conclude the court did not err in denying [obligor]'s motion to modify his child support obligation based on his reduction in income.

*Id.* ¶¶ 18, 20.

[¶10] Here, Zach Toppenberg filed a motion to amend his child support approximately two and a half years after the issuance of the original child support order, asserting his change in employment resulted in reduced income. As the obligor, Zach Toppenberg had the burden to prove "the existing level of support does not conform to the guidelines" and "that the change in employment was not made for the purpose of reducing" his child support obligation. *See Schwalk*, 2014 ND 13, ¶ 9; N.D. Admin. Code § 75-02-04.1-07(7). The district court's findings of fact on those issues are reviewed under the clearly erroneous standard. *Carrier*, 2025 ND 41, ¶ 9. "[W]e do not reweigh evidence or reassess witness credibility" under this standard. *Id*.

[¶11] Unlike *Schwalk*, Zach Toppenberg's testimony at the evidentiary hearing explained how his move to Arizona affected his ability to pay the child support obligation of $1,810 a month, why he moved, and why he changed his employment. He testified he had previously worked in the oilfield doing hydrotesting. He testified that during his final months of oilfield work, his compensation was reduced because he was placed on "light duty" following a back injury. He further testified that his health had deteriorated significantly, leading to hospitalization in the ICU for the entire month of February 2023, that

he continues to suffer from lower back pain that restricts his physical abilities, and that medical professionals have advised him to change his lifestyle.

[¶12] Zach Toppenberg testified that he moved to Lake Havasu City, Arizona, primarily due to his parents' declining health. He testified that his father was struggling with health issues, his mother had received a total hip replacement, he now lives with his parents, he is helping them with daily activities, and he is paying his parents $200 weekly in rent.

[¶13] Zach Toppenberg testified that since relocating to Arizona he has applied for over 100 jobs. He stated that he had initially worked at Interstate Batteries and Glass Doctor, both paying $16 per hour, but that he is currently employed at Blue Sky Design and Build, earning $21 per hour with vacation and sick time benefits. His estimated annual income is $43,680 if working 40 hours weekly, though he does not consistently receive 40 hours of work per week but will occasionally work overtime at $31.50 per hour. He cannot find employment in Arizona comparable to his North Dakota salary since there are no oilfields in the area and his job options are limited by having only a GED and no college degree.

[¶14] Zach Toppenberg acknowledged that he had received approximately $30,000 from his parents in the past year, using $20,000 of that money to pay Kristina Toppenberg's attorney's fees and using the remaining $10,000 on his own attorney's fees and other expenses.

[¶15] The district court found that Zach Toppenberg had voluntarily moved to Arizona to be closer to his parents but failed to expressly determine whether it was "for the purpose of reducing his child support obligation" under N.D. Admin. Code § 75-02-04.1-07(7). Given that the calculations of Zach Toppenberg's income by the court did not follow the calculations in § 75-02-04.1-07(7), it is fairly discernible by deduction or reason that the court did not find Zach Toppenberg to have voluntarily changed his employment for the purpose of reducing his child support obligation. *See Montgomery v. Montgomery*, 481 N.W.2d 234, 235-36 (N.D. 1992) ("When the court's reasons are fairly discernible by deduction or reason from the findings set down, and those reasons are supported by the law and the record, we will not upset an award of child support

merely because the findings could have been more complete."). We also note that the court was not required to calculate Zach Toppenberg's income under § 75-02-04.1-07(7) even if the court found he had voluntarily changed his employment "for the purpose of reducing his child support obligation." *See Pomarleau v. Pomarleau*, 2022 ND 16, ¶ 10, 969 N.W.2d 430 (Although the district court has discretion to calculate child support based on an obligor's previous, higher income, it is not mandatory to do so.); *Logan v. Bush*, 2000 ND 203, ¶ 14, 621 N.W.2d 314 ("When a court *may* do something, it is not mandatory but is generally a matter within the court's discretion.").

[¶16] Because we can discern that the district court did not find Zach Toppenberg's change in employment to be voluntary "for the purpose of reducing his child support obligation," Zach Toppenberg's income was not required to be imputed as his "monthly gross income equal to one hundred percent of the obligor's greatest average monthly earnings, in any twelve consecutive months included in the current calendar year and the two previous calendar years, for which reliable evidence is provided, less actual monthly gross earnings" under § 75-02-04.1-07(7), N.D. Admin. Code. Zach Toppenberg's net income was properly calculated using the "appropriate and reliable information" provided by Zach Toppenberg to prove "the existing level of support does not conform to the guidelines." *Carrier*, 2025 ND 41, ¶ 9; *Devine v. Hennessee*, 2014 ND 122, ¶ 11, 848 N.W.2d 679; *Schwalk*, 2014 ND 13, ¶ 9.

[¶17] Zach Toppenberg provided his 2023 tax return and his last three months' paystubs. *See* N.D. Admin. Code § 75-02-04.1-02(7) ("Income must be sufficiently documented through the use of tax returns, current wage statements, and other information to fully apprise the court of all gross income."). He also provided a copy of the child support guidelines worksheet showing his calculations. That information, along with his testimony, was sufficient to calculate his net income and supports the district court's finding that his "existing level of support does not conform to the guidelines." *See Devine*, 2014 ND 122, ¶ 11; *Schwalk*, 2014 ND 13, ¶ 9.

[¶18] We conclude the district court was not clearly erroneous in finding Zach Toppenberg's change in employment was not "for the purpose of reducing his

child support obligation" and "the existing level of support does not conform to the guidelines."

IV

[¶19] Kristina Toppenberg further argues the district court erred in its calculation of Zach Toppenberg's amended child support obligation. She asserts the court wrongly calculated Zach Toppenberg's income by not considering several factors: the $30,000 in gifts he received from his parents, his fraudulent tax return that failed to account for approximately $24,000 in income from Evolution Hydrotesting, his ability to earn more money based on his work history and commercial driver's license, and his unwillingness to seek jobs that pay as much as he used to make. She also claims that Zach Toppenberg does not pay rent while living with his parents and did not report income from selling his truck.

[¶20] "[A] proper finding of net income is essential to determine the correct amount of child support under the child support guidelines." *Devine,* 2014 ND 122, ¶ 16; *see* N.D. Admin. Code § 75-02-04.1-02(3) ("Net income received by an obligor from all sources must be considered in the determination of available money for child support."). "The amount of child support calculated under the guidelines is rebuttably presumed to be the correct amount of child support in all child support determinations." *Williams v. Williams*, 2023 ND 240, ¶ 14, 999 N.W.2d 192 (quoting *Thompson v. Johnson*, 2018 ND 142, ¶ 9, 912 N.W.2d 315).

[¶21] Net income is the total gross annual income less certain amounts available for deduction under N.D. Admin. Code § 75-02-04.1-01(6). *See Knudson*, 2018 ND 199, ¶ 26. Gross income is defined as "income from any source, in any form," except for some specific exclusions under N.D. Admin. Code § 75-02-04.1-01(4)(a). *Id.* Gross income includes the following:

> [S]alaries, wages, overtime wages, commissions, bonuses, employee benefits, currently deferred income, dividends, severance pay, pensions, interest, trust income, annuities income, gains, social security benefits, workers' compensation benefits, unemployment insurance benefits, distributions of retirement benefits, receipt of previously deferred income to the extent not previously considered

7

in determining a child support obligation for the child whose support is under consideration, veterans' benefits (including gratuitous benefits), gifts and prizes to the extent they annually exceed one thousand dollars in value, spousal support payments received, refundable tax credits, value of in-kind income received on a regular basis, children's benefits, income imputed based upon earning capacity, military subsistence payments, and net income from self-employment.

N.D. Admin. Code § 75-02-04.1-01(4)(b).

[¶22] "Each child support order must include a statement of the net income of the obligor used to determine the child support obligation, and how that net income was determined." N.D. Admin. Code § 75-02-04.1-02(9). "The district court must have sufficient reliable information relating to the obligor's income in order to arrive at a proper child support calculation." *Williams*, 2023 ND 240, ¶ 15; *see Schurmann v. Schurmann*, 2016 ND 69, ¶ 20, 877 N.W.2d 20 (noting a district court cannot rely on inaccurate or incomplete information to arrive at a child support calculation). "Income must be sufficiently documented through the use of tax returns, current wage statements, and other information to fully apprise the court of all gross income." N.D. Admin. Code § 75-02-04.1-02(7).

[¶23] Relying on Zach Toppenberg's testimony, 2023 tax return, and three months' pay stubs, the district court calculated Zach Toppenberg's gross annual income to be $43,680 by multiplying his hourly wage of $21 by 40 hours a week, and assuming he is paid throughout the full 52 weeks a year. The court determined his monthly net income was to be $3,051.

[¶24] Kristina Toppenberg asserts the district court failed to consider the $30,000 in gifts Zach Toppenberg received from his parents and the $24,000 that was not accounted for in his 2023 tax return. Under N.D. Admin. Code § 75-02-04.1-01(4)(b), an obligor's gross income includes salary, wages, and "gifts and prizes to the extent they annually exceed one thousand dollars in value[.]" We conclude the court erred in not including the gifts and other unaccounted income in Zach Toppenberg's gross income.

[¶25] Kristina Toppenberg also asserts the district court erred by not increasing Zach Toppenberg's gross income to account for his ability to earn more money based on his work history and commercial driver's license, and his unwillingness to seek jobs that pay as much as he made while working in North Dakota. She also claims that Zach Toppenberg does not pay rent while living with his parents and did not report income from selling his truck. The court was not required to consider the rest of the argued "income" because they do not fall under § 75-02-04.1-01(4)(b), and if includable for calculation of the support obligation, are up to the court's discretion. *See Pomarleau v. Pomarleau*, 2022 ND 16, ¶ 11 (Although the district court has discretion to calculate child support based on an obligor's previous, higher income, it is not mandatory to do so.). We also note the court considered Zach Toppenberg's new circumstances when calculating his income. *See* N.D. Admin. Code § 75-02-04.1-02(8) ("If circumstances that materially affect the child support obligation have changed in the recent past or are very likely to change in the near future, consideration may be given to the new or likely future circumstances."). Furthermore, Zach Toppenberg testified he did not make any money from the sale of his truck. We conclude the court did not err with respect to Kristina Toppenberg's additional assertions.

[¶26] We conclude the district court erred as a matter of law when calculating Zach Toppenberg's net income to determine his amended child support obligation because the court failed to include within Zach Toppenberg's gross income the $30,000 in gifts and $24,000 omitted from the 2023 tax return.

V

[¶27] We affirm the district court's order granting Zach Toppenberg's motion to amend his child support obligation. We reverse in part and remand for a recalculation of Zach Toppenberg's net income after considering the $30,000 in gifts and $24,000 omitted from the 2023 tax return.

[¶28] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers

9

Jerod E. Tufte
Douglas A. Bahr